FILED

DAVID M. WALSH (SB# 120761)
davidwalsh@paulhastings.com
JOSHUA G. HAMILTON (SB# 199610)
joshuahamilton@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

2010 MAY 11  PM 1: 34

CLERK U.S DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY _____

ALEXANDER M.R. LYON (SB# 211274)
alexanderlyon@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
1117 S. California Avenue
Palo Alto, CA  94304-1106
Telephone:  (650) 320-1800
Facsimile:  (650) 320-1900

Attorneys for Defendants
RELAY HEALTH CORP.; NDCHEALTH CORP.;
and MCKESSON CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

DEMETRIA RODRIGUEZ, NOVA
JIMENEZ, HESHMATOLLAH NAYERI,
VAHIDEH KARAMIAN, PARVIN
MAJIDIAN, SAMANTHA TIKOTIN,
individually and on behalf of all others
similarly situated,

    Plaintiffs,

vs.

ETREBY COMPUTER COMPANY, INC.,
a California corporation; CERNER
HEALTHCARE SOLUTIONS, INC., a
Delaware corporation; CERNER
CORPORATION, a Delaware corporation;
MCKESSON CORPORATION, a Delaware
corporation; NDCHEALTH
CORPORATION, a Delaware corporation;
RELAY HEALTH CORPORATION, a
Delaware corporation; and DOES 1
THROUGH 50 inclusive,

    Defendants.

CASE NO.: CV10 - 3522 VBF FMOx

(Los Angeles County Superior
Court no. BC435303)

**NOTICE OF REMOVAL**

NOTICE OF REMOVAL

1   **TO THE UNITED STATES DISTRICT COURT FOR THE**

2   **CENTRAL DISTRICT OF CALIFORNIA:**

3

4          PLEASE TAKE NOTICE that, pursuant to 28 U.S.C. §§ 1332, 1441

5   and 1453, defendants McKesson Corporation ("McKesson"), NDCHealth

6   Corporation, and RelayHealth Corporation (collectively, the "Removing

7   Defendants") by and through the undersigned counsel, hereby remove this action

8   from the Superior Court of the State of California for the County of Los Angeles to

9   the United States District Court for the Central District of California, Western

10  Division, located at 255 East Temple Street, Los Angeles, California 90012.

11          Removal is based on the following grounds:

12  **Case Overview**

13          1.   The complaint is based on an event that occurred last year

14  involving defendant NDCHealth Corporation, which is commonly known as

15  RelayHealth ("RelayHealth"). RelayHealth operates a data network that transmits

16  prescription claims between pharmacies and payors (e.g., health insurers).

17  Declaration of Marc Cohen filed concurrently herewith ("Cohen Decl.") at ¶ 3.

18  Due to a mistake, RelayHealth inadvertently sent prescription claim information to

19  Target Pharmacy ("Target"), that included information relating to customers of

20  several other pharmacies. *Id.* at ¶¶ 2, 7-8. However, that information was sent in

21  an encrypted format, the mistake was discovered promptly, Target never used the

22  information and Target promptly and properly destroyed the files. *Id.* at ¶¶ 2, 9-10.

23  Target, which is covered by the Health Insurance Portability and Accountability

24  Act of 1996 (commonly known as "HIPAA"), which requires it to keep all such

25  information confidential, has certified that it complied with HIPAA's privacy

26  requirements in destroying the data. *Id.* Even though the data was neither used nor

27  disclosed, RelayHealth notified the relevant California consumers of the error. *Id.*

28

NOTICE OF REMOVAL

1 | at ¶ 11.  Consequently, contrary to plaintiff's allegations, the data was never seen,

2 | never used and has been permanently deleted from Target's system.

3 | **Grounds for Removal**

4 |        2.    This is a putative class action that may be removed pursuant to the

5 | Class Action Fairness Act of 2005 (the "Act"), 28 U.S.C. 1332(d)(2), 1453(b).

6 |        3.    On or about April 7, 2010, Plaintiffs Demetria Rodriguez, Nova

7 | Jimenez, Heshmatollah Nayeri, Vahideh Karamian, Parvin Majidian, and Samantha

8 | Tikotin ("Plaintiffs"), individually and on behalf of all others similarly situated,

9 | commenced an action against the Removing Defendants, Etreby Computer

10 | Company ("Etreby"), Cerner Corporation ("Cerner"), and Cerner Healthcare

11 | Solutions, Inc. ("Cerner Healthcare") in the Superior Court of the State of

12 | California for the County of Los Angeles by filing a class action complaint entitled

13 | *Rodriguez, et al. v. Etreby Computer Company, et al.*, Case no. BC435303 (the

14 | "Complaint").  The Complaint alleges claims for (1) violation of the Confidentiality

15 | of Medical Information Act (Cal. Civ. Code §§ 56 et seq.), (2) negligence,

16 | (3) unfair competition, and (4) declaratory relief and unjust enrichment.

17 |        4.    The Complaint appears to relate to a single event, the nexus of

18 | which occurred in Atlanta, Georgia, and which is more fully described in the

19 | concurrently filed Declaration of Marc Cohen, RelayHealth's Senior Director of

20 | Marketing and Communications.

21 |        5.    The Removing Defendants were served with the Complaint on

22 | April 14, 2010.  A true and correct copy of the Complaint is attached hereto as

23 | Exhibit A.

24 |        6.    In addition to the Complaint, the defendants have been served

25 | with a summons, a civil case cover sheet, a civil case cover sheet addendum, and an

26 | April 20, 2010, case assignment order of the Superior Court.  A true and correct

27 | copy of the foregoing documents and all other documents on the Los Angeles

28 | Superior Court docket is attached hereto as Exhibit B.

-3-                                      NOTICE OF REMOVAL

1    7.    Except for the documents described above and attached to this

2  Notice, no other process, pleadings, or orders have been served on the Removing

3  Defendants.

4    8.    This Notice is timely under 28 U.S.C. § 1446(b) since it is filed

5  within 30 days after service of the Complaint on the Removing Defendants.

6    9.    This civil action is a "class action" within the meaning of 28

7  U.S.C. § 1332(d)(1)(B).

8    10.    In the Complaint, Plaintiffs seek to represent a class consisting of

9       All persons, who are citizens of the State of California,
        who obtained prescription drug related services from
10      California licensed pharmacies during the time period
        alleged above and that, during the relevant time period,
11      had a contractual relationship with defendant Cerner, or a
        similar software provider who utilized McKesson's
12      prescription claims network, and whose confidential
        medical information and other personal private
13      information was unlawfully disclosed through the acts
        and omissions of the Defendants including, but not
14      limited to, the sale and marketing of plaintiffs', and other
        putative class members', confidential medical information
15      by McKesson.

16  Exh. A at ¶ 38(a).

17  **Class Size**

18    11.    The size of the alleged putative class exceeds the minimum

19  required for this Court's exercise of jurisdiction under 28 U.S.C. § 1332(d)(5)(b).

20  The Complaint is based on the alleged transmission of information relating to

21  purported class members to Target in approximately November 2009.  Exh. A at ¶

22  31.  As described in the concurrently filed declaration of Marc Cohen, the

23  information related to more than 5,000 California consumers.  Cohen Decl. ¶¶ 8-11.

24  Furthermore Plaintiffs allege that "over 90% of all prescriptions filled in all of the

25  pharmacies in California are processed electronically utilizing the computer

26  network and infrastructure of entities such as those of McKesson and Cerner."  Exh.

27  A at ¶ 16.  Consequently, the size of the putative class far exceeds 100 persons.

28

NOTICE OF REMOVAL

**Amount in Controversy**

12.   The amount in controversy exceeds $5,000,000 in the aggregate, exclusive of interest and costs. 28 U.S.C. § 1332(d)(6). Plaintiffs seek to recover "nominal damages pursuant to the CMIA" in the amount of $1,000 per person (Exh. A at ¶ 48 and p. 30 (Prayer)), and, as discussed in Paragraph 11 above, the Plaintiffs seek to represent a broadly defined class that, as currently alleged, would exceed 5,000 individuals. Consequently, the Complaint seeks to recover over $5,000,000 in the aggregate.

**Diversity**

13.   Diversity under the Act exists between the parties because defendants RelayHealth, Cerner Corporation, and Cerner Healthcare are citizens of a state different from Plaintiffs. 28 U.S.C. § 1332(d)(2)(A). Under the Act, diversity need only exist between one plaintiff and one defendant in order for removal to be proper. Plaintiffs are all citizens of California. Exh. A at ¶ 1. By contrast, defendant RelayHealth is a citizen of Delaware and Georgia because it is a Delaware corporation and its principal place of business is in Georgia. Cohen Decl. at ¶ 4. Defendants Cerner Corporation and Cerner Healthcare are citizens of Delaware and Missouri because they are incorporated in Delaware and their principal place of business is in Missouri. Declaration of Sameer Brahmavar filed concurrently herewith ("Brahmavar Decl.") at ¶¶ 3-4. Consequently, RelayHealth, Cerner Corporation, and Cerner Healthcare are citizens of a state different from Plaintiffs. 28 U.S.C. § 1332(c)(1).

14.   The diversity described in Paragraph 13 above existed at the time of the filing of the Complaint and the time of service, and continues to exist as of the filing of this Notice of Removal.

NOTICE OF REMOVAL

**Venue and Other Matters**

15.   Venue is proper in this Court pursuant to 28 U.S.C. § 1441(a) because this judicial district and division embrace the location where the state-court action is pending.

16.   The Removing Defendants reserve the right to supplement this Notice of Removal or to present additional arguments in support of their entitlement to remove and of this Court's jurisdiction.

17.   No admission with respect to the claims and allegations of the Complaint is intended by the filing of this Notice.  All defenses, affirmative defenses, and motions are hereby preserved.

18.   As required by 28 U.S.C. § 1446(d), the Removing Defendants will file a notice and a copy of this Notice of Removal in the office of the Clerk of the Superior Court of the State of California for the County of Los Angeles, and will further serve copies hereof on counsel for Plaintiffs.

WHEREFORE, the Removing Defendants remove this action from the Superior Court of the State of California for the County of Los Angeles to this Court.

DATED:  May 11, 2010

DAVID M. WALSH
JOSHUA G. HAMILTON
PAUL, HASTINGS, JANOFSKY &
WALKER LLP

By: _____
DAVID M. WALSH

LEGAL_US_W # 64547113.4

-6-

NOTICE OF REMOVAL

# EXHIBIT "A"



**FILED**
LOS ANGELES SUPERIOR COURT

APR 07 2010

JOHN A. CLARKE, CLERK

BY NANCY ALVAREZ, DEPUTY

1  ARMOND MARCARIAN, ESQ. (SBN 213883)
2  MARC L. McCULLOCH, ESQ. (SBN 252526)
   MARCARIAN LAW FIRM
3  15260 VENTURA BOULEVARD
   PENTHOUSE SUITE 2250
4  SHERMAN OAKS, CALIFORNIA 91403
5  TELEPHONE: (818) 995-8787
   FACSIMILE: (818) 995-8817
6
7  Attorneys for Plaintiffs Demetria Rodriguez, Nova Jimenez, Heshmatollah
   Nayeri, Vahideh Karamian, Parvin Majidian, and Samantha Tikotin and all
8  individuals similarly situated
9
          SUPERIOR COURT OF THE STATE OF CALIFORNIA
10            FOR THE COUNTY OF LOS ANGELES
                 UNLIMITED JURISDICTION
11                                              BC435303
12  DEMETRIA RODRIGUEZ, NOVA     )    Case No.:
    JIMENEZ, HESHMATOLLAH        )
13  NAYERI, VAHIDEH KARAMIAN,    )    **CLASS ACTION**
    PARVIN MAJIDIAN, SAMANTHA    )
14  TIKOTIN, individually and on behalf of )   **COMPLAINT FOR DAMAGES**
15  all others similarly situated  )
                                  )   1. **VIOLATIONS OF THE**
16         Plaintiffs,            )      **CONFIDENTIALITY OF**
                                  )      **MEDICAL INFORMATION**
17         vs.                    )      **ACT (CIVIL CODE SECTION**
                                  )      **56 ET SEQ.);**
18                                )   2. **NEGLIGENCE;**
    ETREBY COMPUTER COMPANY,      )   3. **UNFAIR COMPETITION;**
19  INC., a California corporation; )      **AND**
    CERNER HEALTHCARE SOLUTIONS,  )   4. **DECLARATORY RELIEF**
20  INC., a Delaware corporation; )      **AND UNJUST**
    CERNER CORPORATION, a Delaware )      **ENRICHMENT**
21  corporation; MCKESSON        )
    CORPORATION, a Delaware       )
22  corporation; NDCHEALTH        )
23  CORPORATION, a Delaware       )
    corporation; RELAY HEALTH     )
24  CORPORATION, a Delaware       )
25  corporation; and DOES 1 THROUGH )
    50 inclusive,                 )
26                                )
27         Defendants.            )
28  _____)

                              1
                          COMPLAINT

1   DEMETRIA RODRIGUEZ, NOVA JIMENEZ, HESHMATOLLAH NAYERI,

2   VAHIDEH KARAMIAN, PARVIN MAJIDIAN, and SAMANTHA TIKOTIN

3   ("Plaintiffs"), individually and on behalf of all other similarly situated individuals,

4

5   allege as follows against the above-named defendants:

6                                    **PARTIES AND VENUE**

7      1.    **Plaintiffs.**

8

9      a.    DEMETRIA RODRIGUEZ is, and at all times mentioned in this

10  complaint was, a resident of County of Los Angeles, State of California, and is an

11  individual over the age of 18 years.

12

13     b.    NOVA JIMENEZ is, and at all times mentioned in this complaint

14  was, a resident of County of Ventura, State of California, and is an individual over

15  the age of 18 years.

16

17     c.    HESHMATOLLAH NAYERI is, and at all times mentioned in this

18  complaint was, a resident of County of Los Angeles, State of California, and is an

19  individual over the age of 18 years.

20

21     d.    VAHIDEH KARAMIAN is, and at all times mentioned in this

22  complaint was, a resident of County of Los Angeles, State of California, and is an

23  individual over the age of 18 years.

24

25     e.    PARVIN MAJIDIAN is, and at all times mentioned in this complaint

26  was, a resident of County of Los Angeles, State of California, and is an individual

27  over the age of 18 years.

28

2

COMPLAINT

f.   SAMANTHA TIKOTIN is, and at all times mentioned in this complaint was, a resident of County of Los Angeles, State of California, and is an individual over the age of 18 years

g.   Based on information and belief, plaintiffs allege that, during all times relevant to this action, plaintiffs received prescription drugs and prescription drug related services from California retail pharmacy stores who were contracted with defendants Etreby Computer Company, Inc. and related legal entities, including, but not limited to, Cerner Healthcare Solutions, Inc. and Cerner Corporation, or a similar software provider.

2.   **Defendants.**

a.   Plaintiffs are informed and believe and thereon allege that defendant ETREBY COMPUTER COMPANY, INC. ("Etreby") is, and during all times relevant to this complaint was, a corporation organized under the laws of the State of California with its principal place of business located at 7861 Garden Grove Boulevard, Garden Grove, California.

b.   Plaintiffs are informed and believe and thereon allege that defendant CERNER HEALTHCARE SOLUTIONS, INC. ("Cerner Health") is, and during all times relevant to this complaint was, a corporation organized under the laws of the State of Delaware.

c.   Plaintiffs are informed and believe and thereon allege that defendant CERNER CORPORATION ("Cerner Corporation") is, and at all times relevant to

3

COMPLAINT

1  this complaint was, a corporation organized under the laws of the State of
2  Delaware.
3
4       d.      Unless otherwise designated hereinafter, all references to Cerner
5  shall mean Etreby, Cerner Health and Cerner Corporation.
6       e.      Plaintiffs are informed and believe and thereon allege that defendant
7  MCKESSON CORPORATION ("McKesson Corporation") is, and at all times
8
9  relevant to this complaint was, a corporation organized under the laws of the
10 State of Delaware, having its principal place of business located at 1 Post Street,
11
12 San Francisco, California.
13      f.      Plaintiffs are informed and believe and thereon allege that defendant
14 NDCHEALTH CORPORATION ("NDC") is, and at all times relevant to this
15 complaint was, a corporation organized under the laws of the State of Delaware,
16
17 and being a wholly-owned subsidiary of McKesson Corporation and a member of
18 the McKesson Pharmacy Systems ("MPS") business unit.
19      g.      Plaintiffs are informed and believe and thereon allege that all times
20 relevant to this complaint defendant RELAY HEALTH CORPORATION
21
22 ("RelayHealth") was a corporation organized under the laws of the state of
23 Delaware, having its principal place of business located in Emeryville, California,
24 and being a wholly-owned subsidiary of McKesson Corporation and a member of
25
26 the MPS business unit.
27      h.      Unless otherwise designated hereinafter, all references to McKesson
28 shall mean McKesson Corporation, NDC and RelayHealth.

4

COMPLAINT

i.   Unless otherwise designated hereinafter, all references to Defendants shall mean ETREBY COMPUTER COMPANY, INC., CERNER HEALTHCARE SOLUTIONS, INC., CERNER CORPORATION, MCKESSON CORPORATION, NDCHEALTH CORPORATION and RELAYHEALTH CORPORATION.

j.   All references made in this complaint to any of the Defendants shall include all of Defendants' predecessors, successors, or representatives, while actively engaged in the management of each of the defendant's affairs.

k.   Plaintiffs are unaware of the true names and capacities of defendants sued herein as DOES 1 through 50, inclusive, and for that reason sue said defendants by such fictitious names. Plaintiffs are informed and believe, and thereon allege, that each of the fictitiously named defendants is responsible in some manner for, and proximately caused, the harm and damages alleged herein below. Plaintiffs will file and serve an amendment to this complaint alleging the true names and capacities of said fictitiously named defendants if and when such true names and capacities become known to plaintiffs.

l.   Plaintiffs are informed and believe and thereon allege that each of the Defendants named herein acted as the employee, agent, partner, alter-ego and/or joint venturer of each of the other Defendants named herein, and, in doing the acts and in carrying out the wrongful conduct alleged herein, each of said Defendants acted within the scope of said relationship and with the

5

COMPLAINT

1  permission, consent and ratification of each of the other Defendants named

2  herein.

3

   3.   **Venue.**

4

5       a.   Venue is proper in this district as a substantial part of the events or

6  occurrences upon which this action is based and that give rise to the claims

7  asserted herein occurred in this district. Plaintiffs and numerous class members

8

9  reside in this district, entered into transactions involving the products and

10 services at issue, were injured and/or subjected to irreparable harm in this

11 district. Defendants are subject to personal jurisdiction in this district, received

12

13 substantial compensation and profits from the sale of their respective products

14 and services in this district and/or entered into illegal arrangements and

15 transactions in this district. Thus, Defendants' liability arose in part in this

16

17 district.

18              **DEFINITIONS AND STATUTORY FRAMEWORK**

19    4.   **Confidentiality of Medical Information Act.**

20        Except for enumerated circumstances, <u>California Civil Code</u> sections 56

21

22 through 56.37 inclusive, also known as the <u>Confidentiality of Medical</u>

23 <u>Information Act</u>, makes the unauthorized disclosure of medical information

24 unlawful.

25

26    5.   **California Civil Code section 56.05 in part provides:**

27        (a) "Authorization" means permission granted in accordance
           with Section 56.11 or 56.21 for the disclosure of medical
28         information.

                                    6

(b) "Authorized recipient" means any person who is authorized to receive medical information pursuant to Section 56.10 or 56.20.

(f) "Marketing" means to make a communication about a product or service that encourages recipients of the communication to purchase or use the product or service.

(g) "Medical information" means any individually identifiable information, in electronic or physical form, in possession of or derived from a provider of health care, health care service plan, pharmaceutical company, or contractor regarding a patient's medical history, mental or physical condition, or treatment. "Individually identifiable" means that the medical information includes or contains any element of personal identifying information sufficient to allow identification of the individual, such as the patient's name, address, electronic mail address, telephone number, or social security number, or other information that, alone or in combination with other publicly available information, reveals the individual's identity.

(i) "Pharmaceutical company" means any company or business, or an agent or representative thereof, that manufactures, sells, or distributes pharmaceuticals, medications, or prescription drugs. "Pharmaceutical company" does not include a pharmaceutical benefits manager, as included in subdivision (c), or a provider of health care.

6.    **California Civil Code section 56.06 provides:**

(a) Any business organized for the purpose of maintaining medical information in order to make the information available to an individual or to a provider of health care at the request of the individual or a provider of health care, for purposes of allowing the individual to manage his or her information, or for the diagnosis and treatment of the individual, **shall be deemed to be a provider of health care subject to the requirements of this part.** However, nothing in this section shall be construed to make a business specified in this subdivision a provider of health care for purposes of any law other than this part, including

7

COMPLAINT

Exhibit "A"
Page 13

laws that specifically incorporate by reference the definitions of this part. (emphasis added.)

(b) Any business described in subdivision (a) shall maintain the same standards of confidentiality required of a provider of health care with respect to medical information disclosed to the business.

(c) Any business described in subdivision (a) shall be subject to the penalties for improper use and disclosure of medical information prescribed in this part.

7.     **California Civil Code section 56.10 in part provides:**

(a) No provider of health care, health care service plan, or contractor shall disclose medical information regarding a patient of the provider of health care or an enrollee or subscriber of a health care service plan without first obtaining an authorization, except as provided in subdivision (b) or (c).

Subdivision (c) of section 56.10, in relevant part, provides that:

A provider of health care or a health care service plan may disclose medical information as follows:

(3) The information may be disclosed to a person or entity that provides billing, claims management, medical data processing, or other administrative services for providers of health care or health care service plans or for any of the persons or entities specified in paragraph (2). **However, information so disclosed shall not be further disclosed by the recipient in a way that would violate this part.** (Civil Code section 56.10 (c)(3).) (emphasis added.)

(16) The information may be disclosed to a third party for purposes of encoding, encrypting, or otherwise anonymizing data. **However, no information so disclosed shall be further disclosed by the recipient in a way that would violate this part, including the unauthorized**

8

manipulation of coded or encrypted medical
information that reveals individually identifiable
medical information. (Civil Code section 56.10 (c)(16).)
(emphasis added.)

Subdivisions (d) and (e) of section 56.10 provide that:

(d) Except to the extent expressly authorized by a patient or
enrollee or subscriber or as provided by subdivisions (b) and
(c), a provider of health care, health care service plan,
contractor, or corporation and its subsidiaries and
affiliates shall not intentionally share, sell, use for
marketing, or otherwise use medical information for
a purpose not necessary to provide health care
services to the patient. (emphasis added.)

(e) Except to the extent expressly authorized by a patient or
enrollee or subscriber or as provided by subdivisions (b) and
(c), a contractor or corporation and its subsidiaries
and affiliates shall not further disclose medical
information regarding a patient of the provider of
health care or an enrollee or subscriber of a health care
service plan or insurer or self-insured employer received
under this section to a person or entity that is not engaged in
providing direct health care services to the patient or his or
her provider of health care or health care service plan or
insurer or self-insured employer. (emphasis added.)

8.  **California Civil Code section 56.102 in part provides:**

(b) Except as provided in subdivision (a) or Section 56.10, a
pharmaceutical company may not disclose medical
information provided to it without first obtaining a valid
authorization from the patient.

9.  **California Civil Code section 56.26 in part provides:**

(a) No person or entity engaged in the business of furnishing
administrative services to programs that provide payment for
health care services shall knowingly use, disclose, or permit
its employees or agents to use or disclose medical

9

information possessed in connection with performing administrative functions for a program, except as reasonably necessary in connection with the administration or maintenance of the program, or as required by law, or with an authorization.

10.   **California Civil Code section 56.35 in part provides:**

In addition to any other remedies available at law, a patient whose medical information has been used or disclosed in violation of Section 56.10 or 56.104 or 56.20 or subdivision (a) of Section 56.26 and who has sustained economic loss or personal injury therefrom may recover compensatory damages, punitive damages not to exceed three thousand dollars ($3,000), attorneys' fees not to exceed one thousand dollars ($1,000), and the costs of litigation.

11.   **California Civil Code section 56.36 in part provides:**

(b) In addition to any other remedies available at law, any individual may bring an action against any person or entity who has negligently released confidential information or records concerning him or her in violation of this part, for either or both of the following:

(1) Nominal damages of one thousand dollars ($1,000). In order to recover under this paragraph, **it shall not be necessary that the plaintiff suffered or was threatened with actual damages.** (emphasis added.)

(2) The amount of actual damages, if any, sustained by the patient.

(c)(1) In addition, any person or entity that negligently discloses medical information in violation of the provisions of this part shall also be liable, irrespective of the amount of damages suffered by the patient as a result of that violation, for an administrative fine or civil penalty not to exceed two thousand five hundred dollars ($2,500) per violation.

(2)(A) Any person or entity, other than a licensed health care professional, who knowingly and willfully obtains, discloses, or uses medical information in violation of this part shall be

10

COMPLAINT

liable for an administrative fine or civil penalty not to exceed twenty-five thousand dollars ($25,000) per violation.

## INTRODUCTION AND SUMMARY OF ACTION

12.    This is a class and private Attorney General action brought on behalf of all patients, who are citizens of the State of California, who received prescription drugs dispensed by California licensed pharmacies that, during the relevant time period, had a contractual relationship with defendant Cerner or a similar software provider, and whose confidential medical information and other personal private information was compromised by and through the acts and omissions of the Defendants as more fully alleged below, including the sale and marketing of plaintiffs', and other putative class members', confidential medical information by McKesson.

13.    Plaintiffs are informed and believe and thereon allege that during all times relevant to this complaint, Defendants failed to comply with their obligations imposed by law, including those imposed by the Confidentiality of Medical Information Act, California Civil Code section 56 et seq., and entered into a series of illegal transactions whereby plaintiffs', and other putative class members', confidential medical information and other personal private information was unlawfully disclosed by Defendants to Target Pharmacy for a financial gain. Such conduct injured the plaintiffs, and other class members, in that they had a reasonable expectation that their confidential medical

11

COMPLAINT

1   information would be protected from unlawful disclosure to persons not

2   authorized to receive such information.

3       14.   Plaintiffs are informed and believe and thereon allege that based on

4   the obligations imposed upon Defendants and their experience in the industry,

5

6   Defendants either knew, recklessly disregarded, reasonably should have known

7   or were obligated under the law to understand that their failure to perform their

8

9   obligations under the law were unlawful.

10      15.   The amounts in dispute, collectively, are significant based upon the

11  statutory violations alleged herein.

12
## PRESCRIPTION DRUG CLAIM PROCESSING IN CALIFORNIA
13

14      16.   Plaintiffs are informed and believe and thereon allege that over 90%

15  of all prescriptions filled in all of the pharmacies in California are processed

16
    electronically utilizing the computer network and infrastructure of entities such
17

18  as those of McKesson and Cerner.

19      17.   Plaintiffs are informed and believe and thereon allege that to fill a

20
    prescription at a pharmacy in California, the prescription is processed through
21

22  the pharmacy's computer system, utilizing software provided by entities such as

23  Cerner, which in turn is connected to computer networks such as those of

24  McKesson which receive prescription drug claim data from the pharmacy.

25      18.   Plaintiffs are informed and believe and thereon allege that, after a
26

27  pharmacy enters prescription drug claim data, utilizing software provided by

28  entities such as Cerner, said prescription drug claim data is transmitted via a

12

COMPLAINT

1   network, such as that of McKesson's, for adjudication by various pharmacy

2   benefit managers (PBMs)[1].

3   19.   Plaintiffs are informed and believe and thereon allege that the

4   

5   majority of the PBMs do not wish to be involved with the accounting functions

6   and require pharmacies to be associated with a total switch contractor, such as

7   McKesson.

8   20.   Plaintiffs are informed and believe and thereon allege that once the

9

10  prescription drug claim is received by a switch contractor such as McKesson, the

11  claim is routed to either the PBM or the payer responsible for the claim and is

12  adjudicated for plan eligibility, drug formulary coverage and payment among

13

14  other things.

15  ## NATURE OF DEFENDANTS' BUSINESS

16  ### A. Cerner:

17  21.   Plaintiffs are informed and believe and thereon allege that, among

18

19  other business activities, Cerner owns, installs, services and licenses the

20  unlimited use of its proprietary computer software, known by the trademark

21

22  "Etreby Pharmacy System," to retail pharmacy operations throughout the State of

23  California.

24

25  _____

26  [1] Over 200 million Americans have insurance coverage that includes a pharmacy
    benefit. This pharmacy benefit is usually managed by a pharmacy benefit
27  manager (PBM), a business which specializes in administering the patient's
28  pharmacy benefit in return for payment by the client (such as a retirement
    system, employer, healthy plan, government agency, or union).

13

COMPLAINT

Exhibit "A"
Page 19

1    22.    Plaintiffs are informed and believe and thereon allege that, in

2    consideration of the license fee charged to its retail member pharmacies

3
     throughout the State of California, Cerner provides bundled services to its
4

5    contracted retail pharmacies such as software development, maintenance,

6    support, clinical screening for its member pharmacies' patients and Cerner also

7    facilitates third-party claim adjudication of its member pharmacy stores' patients'

8
     prescription claims.
9

10    23.    Plaintiffs are informed and believe and thereon allege that Cerner's

11    duty of due care to plaintiffs, and the putative class members, includes, but is not

12
      limited to, the following:
13

14        (a)    Not to use or further disclose confidential medical
                 information of the named plaintiffs and the putative class
15               members, other than as permitted or required by law,
                 without authorization.
16

17        (b)    To use appropriate safeguards to prevent unauthorized use
                 or disclosure of the confidential medical information of the
18               named plaintiffs and the putative class members by Cerner
                 or any of its agents, contractors, or sub-contractors.
19

20        (c)    To promptly report any use or disclosure of the confidential
                 medical information of the named plaintiffs and the
21               putative class members, which is not authorized by law and
                 of which Cerner becomes aware.
22

23    24.    As alleged above, plaintiffs received prescription drugs and

24    prescription drug related services through licensed California retail pharmacy
25

26    stores that, during all times relevant to this complaint, licensed the software and

27    services of Cerner and its other related legal entities. Plaintiffs are informed and
28

14

COMPLAINT

1   believe and thereon allege that, in order to determine eligibility, prescription

2   drug plan compliance and payment processing, the claims for plaintiffs'

3

4   prescription drug services were required to be electronically adjudicated, and

5   were electronically adjudicated, utilizing Cerner's and McKesson's services and

6   network of computers and technology.

7       25.   Plaintiffs are informed and believe and thereon allege that, for its

8

9   licensed California retail pharmacy store clients and as part of its service

10  obligations to its licensed pharmacies throughout California, Cerner provides a

11  total switch contract "TSC" to its member pharmacy stores in order to allow its

12

13  retail pharmacy clients access to all third-party prescription plans. The service

14  enables the licensed pharmacy stores to submit prescription claims to Cerner,

15  which in turn switches the prescription claims to McKesson for electronic

16

17  adjudication.

18      26.   Cerner's authority to switch the prescription drug claim information

19  is limited solely to disclosure of plaintiffs' confidential medical information for

20  the specific purpose of billing, claims management, medical data processing, or

21

22  other administrative services. McKesson's authority to use plaintiffs' confidential

23  medical information is limited to the use of said information for the purposes of

24  facilitating, routing, and troubleshooting claim transactions, transmissions and

25  adjudication processes thereof.

26

27  ///

28  ///

15

COMPLAINT

Exhibit "A"
Page 21

**B. McKesson:**

27.    Plaintiffs are informed and believe and thereon allege that, in addition to being a pharmaceutical company, McKesson operates a prescription drug claims processing company and is an intelligent network with solutions that improve clinical communication, facilitate payment collection by connecting patients, providers, pharmacies, payers and financial institutions.  McKesson possesses strength across all key segments of healthcare with established leadership in real-time transactions processing. Among other things, McKesson operates as an open network environment in the health care industry, offering connectivity and interoperability among all organizations, systems and solutions.

28.    Plaintiffs are informed and believe and thereon allege that McKesson and Cerner are parties to one or more service agreements under which McKesson acts as the entity which carries out the total switch processes described above, and transmits prescription claims on behalf of Cerner, and its California retail pharmacy clients, to payers of prescription drug plans.

29.    To fulfill its service obligations to its member pharmacy stores and to facilitate the prescription claim adjudication process, Cerner had only a limited authority to use or disclose plaintiffs' confidential medical information to McKesson which, in turn, had authority to use said information for the sole purpose of facilitating, routing, and troubleshooting claim transactions, transmissions and adjudication processes thereof. However, under no circumstances was McKesson authorized to use or disclose plaintiffs' confidential

16

1  medical information for a pecuniary gain or in violation of the Confidentiality of

2  Medical Information Act.

3      30.   During all times relevant to this complaint, McKesson had an

5  obligation, among other things, to protect all of the confidential patient

6  information provided to McKesson by Cerner.

7                **DEFENDANTS' UNLAWFUL PRACTICES**

9      31.   Plaintiffs are informed and believe and thereon allege that on or

10  about November 2009, McKesson delivered plaintiffs', and other class members,

11  confidential medical information including their names, date of birth, gender,

13  social security numbers, and prescription drug information (hereinafter

14  collectively referred to as protected health information or **"PHI"**) to Target

15  Pharmacy in violation of McKesson's obligation to maintain all of the said private

17  medical information confidential.

18      32.   Plaintiffs were unable to discover the unlawful disclosure of their

19  PHI by Defendants sooner since only the Defendants were privy to the

20  background dealing alleged herein and; the unlawful transaction between Target

22  Pharmacy and the remaining Defendants was intentionally concealed from

23  plaintiffs.

24      33.   Plaintiffs are informed and believe and thereon allege that the

25  unauthorized disclosure of the PHI to Target Pharmacy included plaintiffs', and

27  other putative class members', private and confidential medical information for

28

                                   17
                              COMMPLAINT

the period commencing on or about February 2008 through on or about December 2008.

34.   Plaintiffs are informed and believe and thereon allege that in exchange for providing Target Pharmacy with plaintiffs', and other class members', private confidential medical information, as described above, McKesson received remuneration from Target Pharmacy.

35.   Plaintiffs are informed and believe and thereon allege that there is a likelihood that plaintiffs', and other putative class members', PHI is still accessible and usable by unauthorized individuals and therefore there continues to be a potential for misuse of said PHI by individuals and entities unauthorized to receive or use such information.

36.   Plaintiffs are informed and believe and thereon allege that there is a substantial likelihood that plaintiffs, and other putative class members, may experience financial and reputational harm as direct result of the unauthorized disclosure by Defendants of plaintiffs', and other putative class members', PHI.

37.   Plaintiffs are informed and believe and thereon allege that Cerner knew, or in the reasonable exercise of due care, should have known that plaintiffs', and other putative class members', PHI was compromised by McKesson. Notwithstanding, Cerner continued its relationship with McKesson and utilized McKesson's infrastructure and technology network to submit plaintiffs', and other putative class members', PHI for claim processing.

///

18

COMPLAINT

Exhibit "A"
Page 24

## CLASS ACTION ALLEGATIONS

38.   Plaintiffs bring this action, pursuant to California Code of Civil Procedure section 382, against all Defendants on their behalf and all persons similarly situated in the State of California.  The class Plaintiffs represent are comprised of:

(a) All persons, who are citizens of the State of California, who obtained prescription drugs and prescription drug related services from California licensed pharmacies during the time period alleged above and that, during the relevant time period, had a contractual relationship with defendant Cerner, or a similar software provider who utilized McKesson's prescription claims network, and whose confidential medical information and other personal private information was unlawfully disclosed through the acts and omissions of the Defendants including, but not limited to; the sale and marketing of plaintiffs', and other putative class members', confidential medical information by McKesson.

(b) Specifically excluded from the proposed class are the court and its staff, Defendants, any entity in which any of the Defendants have a controlling interest, and the officers, directors, affiliates, legal representatives, heirs, successors, subsidiaries, and/or assigns of any such individual or entity.

39.   **Ascertainable Class.**   The proposed plaintiffs' class described at Paragraph 38(a), above, is ascertainable.  Members of the class can be readily identified from the files and computer databases maintained by Defendants. The

19

COMPLAINT

Exhibit "A"
Page 25

1  litigation of the questions of fact and law involved in this action will resolve the

2  rights of all members of the class and hence will have a binding effect on all class

3  members.   The class is numerous and joinder of all class members is

4  impracticable due to relatively small monetary recovery for each class member in

5  comparison to the costs associated with separate litigation.

6

7      40.   **Community of Interest**.  The proposed class has a well-defined

8  community of interest in the questions of fact and law to be litigated.   The

9  common questions of law and fact are predominant with respect to the liability

10  issues, relief issues and anticipated affirmative defenses.   The named plaintiffs

11  have claims typical of members of the class.  The named plaintiffs can fairly and

12  adequately represent and protect the interests of the proposed class in that there

13  is no conflict between their interests and the interests of other class members.

14  This action is not collusive, the named plaintiffs and their counsel have the

15  resources to litigate this action, and counsel have experience and ability required

16  to prosecute this case as a class action.

17

18      41.   **Superiority of Class Adjudication**.  The certification of a class in

19  this action is superior to the litigation of a multitude of cases by members of the

20  putative class.  Class adjudication will conserve judicial resources and will avoid

21  the possibility of inconsistent rulings.  Moreover, there are class members who

22  are unlikely to join or bring an action due to, among other reasons, their financial

23  inability to afford a separate action.  Finally, equity dictates that all persons who

24  stand to benefit from the relief sought herein should be subject to the lawsuit and

25

26

27

28

20

Exhibit "A"
Page 26

1   hence subject to an order spreading the costs of litigation among the class

2   members in relationship to the benefits received.

3                          **FIRST CAUSE OF ACTION**
                              **Statutory Violations**
4                     **(Against McKesson and Does 1 through 25)**
5

6

7       42.   Plaintiffs incorporate by reference each and every allegation set forth

8   in paragraphs 2(e) through 2(l), paragraph 3(a), paragraphs 4 through 20, and

9   paragraphs 27 through 41 as if set forth in full herein.
10

11      43.   The Confidentiality of Medical Information Act ("CMIA"), makes the

12  unauthorized disclosure of medical information unlawful, except as permitted or

13  required by law.
14

15      44.   Except as permitted or required by law, McKesson is prohibited by

16  the CMIA from the unauthorized disclosure of medical information it receives

17  pursuant, but not limited, to California Civil Code sections 56.06, 56.10(c)(3),

18  (c)(16), (d), (e), 56.102 and 56.26.
19

20      45.   Plaintiffs are informed and believe and thereon allege that on or

21  about November 2009, McKesson sold and, or, marketed plaintiffs', and other

22  putative class members', PHI to Target Pharmacy for financial gain and not for a

23  purpose necessary  to provide health care services to the plaintiffs and other

24

25  putative class members.

26      46.   Plaintiffs are informed and believe and thereon allege that on or

27  about November 2009, without authorization, McKesson disclosed the PHI of the

28

                                        21
                                    COMPLAINT

1  plaintiffs and other putative class members to Target Pharmacy in violation of the

2  CMIA.

3     47.   As a direct result of McKesson's unlawful acts and, or, omissions as

4

5  alleged herein, plaintiffs, and other putative class members, have been harmed.

6     48.   As a direct result of McKesson's unlawful acts and, or, omissions as

7

8  alleged herein, plaintiffs, and other putative class members, are each entitled to

9  nominal damages of $1,000 pursuant to California Civil Code section 56.36(b)(1).

## SECOND CAUSE OF ACTION
### Negligence
### (Against McKesson and Does 1 through 25)

12

13    49.   Plaintiffs incorporate by reference each and every allegation set forth

14  in paragraphs 2(e) through 2(l), paragraph 3(a), paragraphs 4 through 20, and

15  paragraphs 27 through 48 as if set forth in full herein.

16

17    50.   During all times relevant to this complaint, McKesson owed

18  plaintiffs, and other putative class members, a duty to protect the confidentiality

19  of plaintiffs', and other putative class members', PHI entrusted to it and to not

20  further disclose said PHI in an unauthorized manner, other than as permitted or

21

22  required by law.

23    51.   During all times relevant to this complaint, McKesson also owed

24  plaintiffs, and other putative class members, a duty to use appropriate safeguards

25  to prevent the unauthorized use or disclosure of the PHI of plaintiffs and the

26

27  putative class members, other than as permitted or required by law.

28

22

COMPLAINT

52.   McKesson breached its duties to plaintiffs, and other putative class members, when, among other things, on or about November 2009, without authorization or as permitted or required by law, McKesson disclosed the PHI of the plaintiffs and other putative class members to Target Pharmacy.

53.   As a direct result of McKesson's negligent acts and, or, omissions as alleged herein, plaintiffs, and other putative class members, have been harmed.

54.   As a direct result of McKesson's negligent acts and, or, omissions as alleged herein, plaintiffs, and other putative class members, are each entitled to nominal damages of $1,000 pursuant to California Civil Code section 56.36(b)(1).

### THIRD CAUSE OF ACTION
### Statutory Violations
### (Against Cerner and Does 26 through 50)

55.   Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 2(a) through 2(d), paragraphs 2(i) through 2(l), paragraph 3(a), paragraphs 4 through 20, and paragraphs 21 through 26, and paragraphs 31 through 41 as if set forth in full herein.

56.   The CMIA makes the unauthorized disclosure of medical information unlawful, except as permitted or required by law.

57.   Except as permitted or required by law, Cerner is prohibited by the CMIA from the unauthorized disclosure of medical information it receives pursuant, but not limited, to California Civil Code sections 56.06, 56.10(c)(3), (d)(16), (d), (e) and 56.26.

23

COMPLAINT

Exhibit "A"
Page 29

58.   Plaintiffs are informed and believe and thereon allege that at all times relevant to this complaint Cerner permitted and, or, was aware of the sale and, or, marketing of plaintiffs', and other putative class members', PHI by McKesson, and other related entities, to Target Pharmacy and was also aware that such disclosure was for financial gain and not for a purpose necessary to provide health care services to the plaintiffs and other putative class members.

59.   Plaintiffs are informed and believe and thereon allege that on or about November 2009, without authorization, Cerner permitted or was aware that McKesson disclosed the PHI of the plaintiffs and other putative class members to Target Pharmacy in violation of the CMIA.

60.   As a direct result of Cerner's and McKesson's unlawful acts and, or, omissions as alleged herein, plaintiffs, and other putative class members, have been harmed.

61.   As a direct result of Cerner's and McKesson's unlawful acts and, or, omissions as alleged herein, plaintiffs, and other putative class members, are each entitled to nominal damages of $1,000 pursuant to California Civil Code section 56.36(b)(1).

## FOURTH CAUSE OF ACTION
### Negligence
### (Against Cerner and Does 26 through 50)

62.   Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 2(a) through 2(d), paragraphs 2(i) through 2(l), paragraph 3(a),

24

COMPLAINT

paragraphs 4 through 20, and paragraphs 21 through 26, paragraphs 31 through 41, and paragraphs 56 through 61 as if set forth in full herein.

63.   During all times relevant to this complaint, Cerner owed plaintiffs, and other putative class members, a duty to protect the confidentiality of plaintiffs', and other putative class members', PHI entrusted to it and to not further disclose said PHI in an unauthorized manner, other than as permitted or required by law.

64.   During all times relevant to this complaint, Cerner also owed plaintiffs, and other putative class members, a duty to use appropriate safeguards to prevent the unauthorized use or disclosure of the PHI of plaintiffs and the putative class members, other than as permitted or required by law.

65.   Cerner breached its duties to plaintiffs, and other putative class members, when, among other things, on or about November 2009, without authorization or as permitted or required by law, McKesson disclosed the PHI of the plaintiffs and other putative class members to Target Pharmacy.

66.   Plaintiffs are informed and believe and thereon allege that Cerner knew, or in the reasonable exercise of due care, should have known that plaintiffs', and other putative class members', PHI was compromised by McKesson. Notwithstanding, Cerner continued its relationship with McKesson and utilized McKesson's infrastructure and technology network to submit plaintiffs', and other putative class members', PHI for claim processing.

25

COMPLAINT

67.   As a direct result of Cerner's negligent acts and, or, omissions as alleged herein, plaintiffs, and other putative class members, have been harmed.

68.   As a direct result of Cerner's negligent acts and, or, omissions as alleged herein, plaintiffs, and other putative class members, are each entitled to nominal damages of $1,000 pursuant to California Civil Code section 56.36(b)(1).

### FIFTH CAUSE OF ACTION
### Unlawful, Unfair and Fraudulent Business Acts and Practices
### (Against All Defendants and Does 1 through 50)

69.   Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 2 through 68, as if set forth in full herein.

70.   Defendants' acts and practices as detailed above constitute acts of unfair competition. Defendants have engaged in an unlawful, unfair or fraudulent business act and or practice within the meaning of California Business and Professions Code sections 17200 et seq.

71.   Defendants have engaged in an "unlawful" business act and or practice by engaging in a series of transactions in violation of California law. As detailed above, these business acts and practices violated numerous provisions of law, including, inter alia, California Civil Code sections 56 et seq.

72.   Through the above-described conduct, Defendants have engaged in an "unfair" business act or practice in that the justification for engaging in such conduct based on the business acts and practices described above is outweighed by the gravity of the resulting harm, and Defendants' unlawful conduct as

26

COMPLAINT

Exhibit "A"
Page 32

1    detailed herein violates the spirit or intent of the law and/or offends public

2    policy, is immoral, unscrupulous, unethical and offensive, and causes substantial

3
     injury to consumers of prescription drugs and related services such as plaintiffs,
4

5    and other putative class members.

6        73.   By engaging in the above-described conduct, Defendants have

7    engaged in a "fraudulent" business act or practice in that the business acts and
8
     practices described above had a tendency and likelihood to deceive both
9

10   plaintiffs, and other putative class members.

11       74.   Plaintiffs are informed and believe and thereon allege that the
12
     above-described unlawful, unfair or fraudulent business acts and practices
13

14   engaged in by Defendants continue to this day and present a threat to plaintiffs,

15   and other putative class members.

16
         75.   Pursuant to California Business & Professions Code section 17203,
17

18   Plaintiffs, individually and on behalf of other putative class members, and also on

19   behalf of the general public, seek an order of this Court prohibiting Defendants

20
     from continuing to engage in the unlawful, unfair, or fraudulent business acts or
21

22   practices set forth in this complaint.

23   ///

24   ///

25   ///

26   ///

27   ///

28   ///

27

COMPLAINT

## SIXTH CAUSE OF ACTION
### Declaratory Relief and Unjust Enrichment
### (Against All Defendants and Does 1 through 50)

76.   Plaintiffs incorporate by reference each and every allegation set forth in paragraphs 2 through 75, as if set forth in full herein.

77.   There currently exists between the parties an actual controversy regarding the respective rights and liabilities of the parties regarding, *inter alia,* the obligation of the Defendants regarding plaintiffs', and other putative class members', PHI, and the need for Defendants to comply with their obligations under the law, as alleged in detail above.

78.   Plaintiffs, and other putative class members, may be without adequate remedy at law, rendering declaratory relief appropriate in that:

    a.  Damages may not adequately compensate the class members for the injuries suffered, nor may other claims permit such relief; and

    b.  If the conduct complained of is not enjoined, harm will result to plaintiffs, and other putative class members, because plaintiffs are informed and believe that Defendants' wrongful conduct is continuing and on-going.

79.   Plaintiffs, and other putative class members, may suffer irreparable harm if a determination of the parties' rights and obligations is not ordered.

28

COMPLAINT

80.   Accordingly, plaintiffs, on behalf of themselves, and other class members, request the Court to issue an order granting the following declaratory relief:

    a.  That a judicial determination and declaration be made of the rights of the plaintiffs, and other putative class members, and the corresponding responsibilities of Defendants;

    b.  That Defendants be ordered to cease and desist from failing to comply with their obligations under the law, and engaging in transactions in violation of the law;

    c.  That Defendants pay over all monies by which they have been unjustly enriched and establish a fund to reimburse the costs of any refund or payment due; and/or

    d.  That Defendants be ordered to disseminate, at their own cost and utilizing a Court-approved protocol, a notice to the putative class members, notifying them of their right to damages, restitution or other equitable monetary relief as ordered by the Court.

## PRAYER

**WHEREFORE,** plaintiffs on behalf of themselves, and other putative class members, pray for judgment against Defendants, and each of them, and DOES 1 through 50 as follows:

    (1) An Order certifying the plaintiff class and appointing plaintiffs and their counsel to represent the class;

29

COMPLAINT

(2) For compensatory damages pursuant to CMIA;

(3) For nominal damages pursuant to CMIA;

(4) For the declaratory, equitable, injunctive and, or, monetary relief

requested and as appropriate for the particular cause of action;

(5) For pre- and post-judgment interest;

(6) For attorneys' fees and for costs of suit incurred herein pursuant to,

*inter alia*, the common fund and Private Attorney General doctrines

and, or, Code of Civil Procedure section 1021.5 as may be

appropriate;

(7) For such other and further relief as this Court may deem just and

proper.

DATED: April 6, 2010                    MARCARIAN LAW FIRM


By: _____

ARMOND MARCARIAN
Attorney for Plaintiffs


30

COMPLAINT

# EXHIBIT "B"

SUM-100

# SUMMONS
## (CITACION JUDICIAL)



**NOTICE TO DEFENDANT:**
*(AVISO AL DEMANDADO):*

ETREBY COMPUTER COMPANY, INC., et al.

**YOU ARE BEING SUED BY PLAINTIFF:**
*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*

DEMETRIA RODRIGUEZ, et al.



FOR COURT USE ONLY
(SOLO PARA USO DE LA CORTE)

**FILED**
LOS ANGELES SUPERIOR COURT

APR 07 2010

JOHN A. CLARKE, CLERK

BY NANCY ALVAREZ, DEPUTY

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is: | CASE NUMBER: |
| (El nombre y dirección de la corte es): | (Número del Caso) |
| | **BC435303** |

Superior Court of the State of California - Central District
111 N. Hill Street, Los Angeles, California 90012

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is:
*(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*

Arnold Marcarian, Esq. - 15260 Ventura Blvd., Suite 2250, Sherman Oaks, CA 91403 (818) 995-8787

| DATE: | APR 07 2010 | Clerk, by | NANCY ALVAREZ | Deputy |
| (Fecha) | | (Secretario) | | (Adjunto) |

(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)
*(Para prueba de entrega de esta citation use el formulario Proof of Service of Summons, (POS-010)).*

**NOTICE TO THE PERSON SERVED:** You are served

1. [ ] as an individual defendant.
2. [ ] as the person sued under the fictitious name of (specify):

3. [ ] on behalf of (specify):

   under: [ ] CCP 416.10 (corporation)     [ ] CCP 416.60 (minor)
          [ ] CCP 416.20 (defunct corporation)  [ ] CCP 416.70 (conservatee)
          [ ] CCP 416.40 (association or partnership)  [ ] CCP 416.90 (authorized person)
          [ ] other (specify):
4. [ ] by personal delivery on (date):

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-100 [Rev. July 1, 2009]

**SUMMONS**

Code of Civil Procedure §§ 412.20, 465
www.courtinfo.ca.gov

Exhibit "B"
Page 37

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Demetria Rodriguez, et al. v. Etreby Computer Company, Inc., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

☑ Plaintiff   ☐ Defendant   ☐ Cross-Complainant   ☐ Cross-Defendant

NOVA JIMENEZ

HESHMATOLLAH NAYERI

VAHIDEH KARAMIAN

PARVIN MAJIDIAN

SAMANTHA TIKOTIN

Page __2__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

SUM-200(A)

| SHORT TITLE: | CASE NUMBER: |
|---|---|
| Demetria Rodriguez, et al. v. Etreby Computer Company, Inc., et al. | |

### INSTRUCTIONS FOR USE

→ This form may be used as an attachment to any summons if space does not permit the listing of all parties on the summons.
→ If this attachment is used, insert the following statement in the plaintiff or defendant box on the summons: "Additional Parties
   Attachment form is attached."

List additional parties (Check only one box. Use a separate page for each type of party.):

[ ]  Plaintiff   [✓] Defendant   [ ]  Cross-Complainant   [ ]  Cross-Defendant

CERNER HEALTHCARE SOLUTIONS, INC.

CERNER CORPORATION

MCKESSON CORPORATION

NDCHEALTH CORPORATION

RELAY HEALTH CORPORATION

Page __3__ of __3__

Page 1 of 1

Form Adopted for Mandatory Use
Judicial Council of California
SUM-200(A) [Rev. January 1, 2007]

**ADDITIONAL PARTIES ATTACHMENT**
**Attachment to Summons**

American LegalNet, Inc.
www.FormsWorkflow.com

Exhibit "B"
Page 39

**ORIGINAL** CM-010

FOR COURT USE ONLY

ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):*
Armond Marcarian, Esq.
Marcarian Law Firm
15260 Ventura Boulevard, Suite 2250
Sherman Oaks, California 91403
TELEPHONE NO: (818) 995-8787    FAX NO: (818) 995-8817
ATTORNEY FOR *(Name):* Plaintiffs

SUPERIOR COURT OF CALIFORNIA, COUNTY OF Los Angeles
STREET ADDRESS: 111 N. Hill Street
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles, California 90012
BRANCH NAME: Central

**FILED**
LOS ANGELES SUPERIOR COURT

APR 07 2010

JOHN A. CLARKE, CLERK

BY NANCY ALVAREZ, DEPUTY

CASE NAME:
Demetria Rodriguez, et al. v. Etreby Computer Company, Inc., et al.

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [✓] Unlimited (Amount demanded exceeds $25,000) | [ ] Limited (Amount demanded is $25,000 or less) | [ ] Counter  [ ] Joinder  Filed with first appearance by defendant (Cal. Rules of Court, rule 3.402) | **BC435303** |

JUDGE:
DEPT:

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
[ ] Auto (22)
[ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
[ ] Asbestos (04)
[ ] Product liability (24)
[ ] Medical malpractice (45)
[ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
[ ] Business tort/unfair business practice (07)
[ ] Civil rights (08)
[ ] Defamation (13)
[ ] Fraud (16)
[ ] Intellectual property (19)
[ ] Professional negligence (25)
[ ] Other non-PI/PD/WD tort (35)

**Employment**
[ ] Wrongful termination (36)
[ ] Other employment (15)

**Contract**
[ ] Breach of contract/warranty (06)
[ ] Rule 3.740 collections (09)
[ ] Other collections (09)
[ ] Insurance coverage (18)
[ ] Other contract (37)

**Real Property**
[ ] Eminent domain/inverse condemnation (14)
[ ] Wrongful eviction (33)
[ ] Other real property (26)

**Unlawful Detainer**
[ ] Commercial (31)
[ ] Residential (32)
[ ] Drugs (38)

**Judicial Review**
[ ] Asset forfeiture (05)
[ ] Petition re: arbitration award (11)
[ ] Writ of mandate (02)
[ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
[ ] Antitrust/Trade regulation (03)
[ ] Construction defect (10)
[ ] Mass tort (40)
[ ] Securities litigation (28)
[ ] Environmental/Toxic tort (30)
[ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
[ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
[ ] RICO (27)
[✓] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
[ ] Partnership and corporate governance (21)
[ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [✓] is not   complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [✓] monetary  b. [✓] nonmonetary; declaratory or injunctive relief  c. [ ] punitive
4. Number of causes of action *(specify):* Six
5. This case [✓] is  [ ] is not   a class action suit.
6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: April 6, 2010
Armond Marcarian, Esq.
(TYPE OR PRINT NAME)                                    (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
CM-010 [Rev. July 1, 2007]

**CIVIL CASE COVER SHEET**

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;
Cal. Standards of Judicial Administration, std. 3.10
www.courtinfo.ca.gov

Exhibit "B"
Page 40

ORIGINAL

| SHORT TITLE: Demetria Rodriguez, et al. v. Etreby Computer Company, Inc | CASE NUMBER |
|---|---|

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**
**(CERTIFICATE OF GROUNDS FOR ASSIGNMENT TO COURTHOUSE LOCATION)**

This form is required pursuant to LASC Local Rule 2.0 in all new civil case filings in the Los Angeles Superior Court.

Item 1. Check the types of hearing and fill in the estimated length of hearing expected for this case:

JURY TRIAL? ☑ YES   CLASS ACTION? ☑ YES   LIMITED CASE? ☐ YES   TIME ESTIMATED FOR TRIAL 5-7   ☐ HOURS/ ☑ DAYS

Item II. Select the correct district and courthouse location (4 steps – If you checked "Limited Case", skip to Item III, Pg. 4):

**Step 1:** After first completing the Civil Case Cover Sheet Form, find the main civil case cover sheet heading for your case in the left margin below, and, to the right in Column A, the Civil Case Cover Sheet case type you selected.

**Step 2:** Check **one** Superior Court type of action in Column B below which best describes the nature of this case.

**Step 3:** In Column C, circle the reason for the court location choice that applies to the type of action you have checked. For any exception to the court location, see Los Angeles Superior Court Local Rule 2.0.

### Applicable Reasons for Choosing Courthouse Location (see Column C below)

1. Class Actions must be filed in the County Courthouse, Central District.
2. May be filed in Central (Other county, or no Bodily Injury/Property Damage).
3. Location where cause of action arose.
4. Location where bodily injury, death or damage occurred.
5. Location where performance required or defendant resides.
6. Location of property or permanently garaged vehicle.
7. Location where petitioner resides.
8. Location wherein defendant/respondent functions wholly.
9. Location where one or more of the parties reside.
10. Location of Labor Commissioner Office.

**Step 4:** Fill in the information requested on page 4 in Item III; complete Item IV. Sign the declaration.

| | A Civil Case Cover Sheet Category No. | B Type of Action (Check only one) | C Applicable Reasons - See Step 3 Above |
|---|---|---|---|
| Auto Tort | Auto (22) | ☐ A7100 Motor Vehicle - Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| | Uninsured Motorist (46) | ☐ A7110 Personal Injury/Property Damage/Wrongful Death – Uninsured Motorist | 1., 2., 4. |
| Other Personal Injury/Property Damage/Wrongful Death Tort | Asbestos (04) | ☐ A6070 Asbestos Property Damage | 2. |
| | | ☐ A7221 Asbestos - Personal Injury/Wrongful Death | 2. |
| | Product Liability (24) | ☐ A7260 Product Liability (not asbestos or toxic/environmental) | 1., 2., 3., 4., 8. |
| | Medical Malpractice (45) | ☐ A7210 Medical Malpractice - Physicians & Surgeons | 1., 2., 4. |
| | | ☐ A7240 Other Professional Health Care Malpractice | 1., 2., 4. |
| | Other Personal Injury Property Damage Wrongful Death (23) | ☐ A7250 Premises Liability (e.g., slip and fall) | 1., 2., 4. |
| | | ☐ A7230 Intentional Bodily Injury/Property Damage/Wrongful Death (e.g., assault, vandalism, etc.) | 1., 2., 4. |
| | | ☐ A7270 Intentional Infliction of Emotional Distress | 1., 2., 3. |
| | | ☐ A7220 Other Personal Injury/Property Damage/Wrongful Death | 1., 2., 4. |
| Non-Personal Injury/Property Damage/Wrongful Death Tort | Business Tort (07) | ☐ A6029 Other Commercial/Business Tort (not fraud/breach of contract) | 1., 2., 3. |
| | Civil Rights (08) | ☐ A6005 Civil Rights/Discrimination | 1., 2., 3. |
| | Defamation (13) | ☐ A6010 Defamation (slander/libel) | 1., 2., 3. |
| | Fraud (16) | ☐ A6013 Fraud (no contract) | 1., 2., 3. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 1 of 4

Exhibit "B"
Page 41

| SHORT TITLE: Demetria Rodriguez, et. al. v. Etreby Computer Company, Inc | | CASE NUMBER |
|---|---|---|

| | A<br>Civil Case Cover Sheet Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons<br>-See Step 3 Above |
|---|---|---|---|
| **Non-Personal Injury/Property Damage/ Wrongful Death Tort (Cont'd.)** | Professional Negligence (25) | ☐ A6017  Legal Malpractice | 1., 2., 3. |
| | | ☐ A6050  Other Professional Malpractice (not medical or legal) | 1., 2., 3. |
| | Other (35) | ☐ A6025  Other Non-Personal Injury/Property Damage tort | 2., 3. |
| **Employment** | Wrongful Termination (36) | ☐ A6037  Wrongful Termination | 1., 2., 3. |
| | Other Employment (15) | ☐ A6024  Other Employment Complaint Case | 1., 2., 3. |
| | | ☐ A6109  Labor Commissioner Appeals | 10. |
| **Contract** | Breach of Contract/ Warranty (06) (not insurance) | ☐ A6004  Breach of Rental/Lease Contract (not Unlawful Detainer or wrongful eviction) | 2., 5. |
| | | ☐ A6008  Contract/Warranty Breach -Seller Plaintiff (no fraud/negligence) | 2., 5. |
| | | ☐ A6019  Negligent Breach of Contract/Warranty (no fraud) | 1., 2., 5. |
| | | ☐ A6028  Other Breach of Contract/Warranty (not fraud or negligence) | 1., 2., 5. |
| | Collections (09) | ☐ A6002  Collections Case-Seller Plaintiff | 2., 5., 6. |
| | | ☐ A6012  Other Promissory Note/Collections Case | 2., 5. |
| | Insurance Coverage (18) | ☐ A6015  Insurance Coverage (not complex) | 1., 2., 5., 8. |
| | Other Contract (37) | ☐ A6009  Contractual Fraud | 1., 2., 3., 5. |
| | | ☐ A6031  Tortious Interference | 1., 2., 3., 5. |
| | | ☐ A6027  Other Contract Dispute(not breach/insurance/fraud/negligence) | 1., 2., 3., 8. |
| **Real Property** | Eminent Domain/Inverse Condemnation (14) | ☐ A7300  Eminent Domain/Condemnation       Number of parcels_____ | 2. |
| | Wrongful Eviction (33) | ☐ A6023  Wrongful Eviction Case | 2., 6. |
| | Other Real Property (26) | ☐ A6018  Mortgage Foreclosure | 2., 6. |
| | | ☐ A6032  Quiet Title | 2., 6. |
| | | ☐ A6060  Other Real Property (not eminent domain, landlord/tenant, foreclosure) | 2., 6. |
| **Unlawful Detainer** | Unlawful Detainer- Commercial (31) | ☐ A6021  Unlawful Detainer-Commercial (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Residential (32) | ☐ A6020  Unlawful Detainer-Residential (not drugs or wrongful eviction) | 2., 6. |
| | Unlawful Detainer- Drugs (38) | ☐ A6022  Unlawful Detainer-Drugs | 2., 6. |
| **Judicial Review** | Asset Forfeiture (05) | ☐ A6108  Asset Forfeiture Case | 2., 6. |
| | Petition re Arbitration (11) | ☐ A6115  Petition to Compel/Confirm/Vacate Arbitration | 2., 5. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM
AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 2 of 4

Exhibit "B"
Page 42

| SHORT TITLE: | CASE NUMBER |
|---|---|
| Demetria Rodriguez, et al. v. Etreby Computer Company, Inc | |

| | A<br>Civil Case Cover Sheet<br>Category No. | B<br>Type of Action<br>(Check only one) | C<br>Applicable Reasons -<br>See Step 3 Above |
|---|---|---|---|
| **Judicial Review (Cont'd.)** | Writ of Mandate<br><br>(02) | ☐ A6151  Writ - Administrative Mandamus<br>☐ A6152  Writ - Mandamus on Limited Court Case Matter<br>☐ A6153  Writ - Other Limited Court Case Review | 2., 8.<br>2.<br>2. |
| | Other Judicial Review<br>(39) | ☐ A6150  Other Writ /Judicial Review | 2., 8. |
| **Provisionally Complex Litigation** | Antitrust/Trade<br>Regulation (03) | ☐ A6003  Antitrust/Trade Regulation | 1., 2., 8. |
| | Construction Defect (10) | ☐ A6007  Construction defect | 1., 2., 3. |
| | Claims Involving Mass<br>Tort (40) | ☐ A6006  Claims Involving Mass Tort | 1., 2., 8. |
| | Securities Litigation (28) | ☐ A6035  Securities Litigation Case | 1., 2., 8. |
| | Toxic Tort<br>Environmental (30) | ☐ A6036  Toxic Tort/Environmental | 1., 2., 3., 8. |
| | Insurance Coverage<br>Claims from Complex<br>Case (41) | ☐ A6014  Insurance Coverage/Subrogation (complex case only) | 1., 2., 5., 8. |
| **Enforcement of Judgment** | Enforcement<br>of Judgment<br><br>(20) | ☐ A6141  Sister State Judgment<br>☐ A6160  Abstract of Judgment<br>☐ A6107  Confession of Judgment (non-domestic relations)<br>☐ A6140  Administrative Agency Award (not unpaid taxes)<br>☐ A6114  Petition/Certificate for Entry of Judgment on Unpaid Tax<br>☐ A6112  Other Enforcement of Judgment Case | 2., 9.<br>2., 6.<br>2., 9.<br>2., 8.<br>2., 8.<br>2., 8., 9. |
| **Miscellaneous Civil Complaints** | RICO (27) | ☐ A6033  Racketeering (RICO) Case | 1., 2., 8. |
| | Other Complaints<br>(Not Specified Above)<br><br>(42) | ☐ A6030  Declaratory Relief Only<br>☐ A6040  Injunctive Relief Only (not domestic/harassment)<br>☐ A6011  Other Commercial Complaint Case (non-tort/non-complex)<br>☑ A6000  Other Civil Complaint (non-tort/non-complex) | 1., 2., 6.<br>2., 8.<br>1., 2., 8.<br>1., 2., 8. |
| **Miscellaneous Civil Petitions** | Partnership Corporation<br>Governance(21) | ☐ A6113  Partnership and Corporate Governance Case | 2., 8. |
| | Other Petitions<br>(Not Specified Above)<br><br>(43) | ☐ A6121  Civil Harassment<br>☐ A6123  Workplace Harassment<br>☐ A6124  Elder/Dependent Adult Abuse Case<br>☐ A6190  Election Contest<br>☐ A6110  Petition for Change of Name<br>☐ A6170  Petition for Relief from Late Claim Law<br>☐ A6100  Other Civil Petition | 2., 3., 9.<br>2., 3., 9.<br>2., 3., 9.<br>2.<br>2., 7.<br>2., 3., 4., 8.<br>2., 9. |

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM<br>AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 3 of 4

Exhibit "B"
Page 43

| SHORT TITLE: Demetria Rodriguez, et al. v. Breby Computer Company, Inc | CASE NUMBER |
|---|---|

Item III. *Statement of Location:* Enter the address of the accident, party's residence or place of business, performance, or other circumstance indicated in Item II., **Step 3** on Page 1, as the proper reason for filing in the court location you selected.

| REASON: CHECK THE NUMBER UNDER COLUMN C WHICH APPLIES IN THIS CASE<br><br>☑1, ☐2, ☐3, ☐4, ☐5, ☐6, ☐7, ☐8, ☐9, ☐10, | ADDRESS:<br>22113 Bassett Street |
|---|---|
| CITY:<br>Canoga Park | STATE:<br>CA | ZIP CODE:<br>91303 | |

Item IV. *Declaration of Assignment:* I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct and that the above-entitled matter is properly filed for assignment to the Superior _____ courthouse in the Central _____ District of the Los Angeles Superior Court (Code Civ. Proc., § 392 et seq., and LASC Local Rule 2.0, subds. (b), (c) and (d)).

Dated: April 6, 2010

_____
(SIGNATURE OF ATTORNEY/FILING PARTY)

---

## PLEASE HAVE THE FOLLOWING ITEMS COMPLETED AND READY TO BE FILED IN ORDER TO PROPERLY COMMENCE YOUR NEW COURT CASE:

1. Original Complaint or Petition.

2. If filing a Complaint, a completed Summons form for issuance by the Clerk.

3. Civil Case Cover Sheet form CM-010.

4. Complete Addendum to Civil Case Cover Sheet form LACIV 109 (Rev. 01/07), LASC Approved 03-04.

5. Payment in full of the filing fee, unless fees have been waived.

6. Signed order appointing the Guardian ad Litem, JC form FL-935, if the plaintiff or petitioner is a minor under 18 years of age, or if required by Court.

7. Additional copies of documents to be conformed by the Clerk. Copies of the cover sheet and this addendum must be served along with the summons and complaint, or other initiating pleading in the case.

LACIV 109 (Rev. 01/07)
LASC Approved 03-04

**CIVIL CASE COVER SHEET ADDENDUM AND STATEMENT OF LOCATION**

LASC, rule 2.0
Page 4 of 4

Exhibit "B"
Page 44

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/20/10                                                    DEPT. 324

HONORABLE EMILIE H. ELIAS          JUDGE    A. MORALES       DEPUTY CLERK

HONORABLE                   JUDGE PRO TEM              ELECTRONIC RECORDING MONITOR

                 NONE          Deputy Sheriff   NONE              Reporter

| | | |
|---|---|---|
| 8:30 am | BC435303 | Plaintiff Counsel |

DEMETRIA RODRIGUEZ ET AL                    NO APPEARANCES
VS
ETREBY COMPUTER COMPANY INC          Defendant
  ET AL                               Counsel

DEEMED COMPLEX (04-20-10)

**NATURE OF PROCEEDINGS:**

COURT ORDER

This Court makes it determination whether or not this
case should be deemed complex pursuant to Rule 3.400
of the California Rules of Court.

This case is designated complex and is reassigned to
Judge Anthony J. Mohr in Department 309 at
the Central Civil West Courthouse for all further
proceedings and for all purposes.

The case is ordered stayed until the initial status
conference date. Notice of Initial Status Conference
is to be given by the Clerk in Department 309.  No
responsive pleadings may be filed. Parties may file
a Notice of Appearance in lieu of an answer or other
responsive pleading. The filing of a Notice of
Appearance shall not constitute a general appearance
and shall not waive any substantive or procedural
challenge to the complaint. Nothing herein stays the
time for filing affidavit of prejudice pursuant to
Code of Civil Procedure section 170.6.

Pursuant to Government Code section 70616 (c), each
party is ordered to pay $550.00 for complex fees,
payable to Los Angeles Superior Court, within ten (10)
calendar days from this date.

Plaintiff is ordered to serve a copy of this minute
order on all parties forthwith and file a proof of

Page   1 of   3    DEPT. 324

MINUTES ENTERED
04/20/10
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

| | | DEPT. 324 |
|---|---|---|
| DATE: 04/20/10 | | |
| HONORABLE EMILIE H. ELIAS      JUDGE | A. MORALES | DEPUTY CLERK |
| HONORABLE                 JUDGE PRO TEM | | ELECTRONIC RECORDING MONITOR |
| NONE            Deputy Sheriff | NONE | Reporter |

| 8:30 am | BC435303 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | DEMETRIA RODRIGUEZ ET AL | | |
| | VS | Defendant | |
| | ETREBY COMPUTER COMPANY INC ET AL | Counsel | |
| | DEEMED COMPLEX (04-20-10) | | |

**NATURE OF PROCEEDINGS:**

service in the assigned department within seven (7)
days of service.

Any party objecting to the complex designation must
file an objection and proof of service in Department
324 within ten (10) days of service of this minute
order. Any response to the objection must be filed in
Department 324 within seven (7) days of service of
the objection. This Court will make its ruling on the
submitted pleadings.

CLERK'S CERTIFICATE OF MAILING/
NOTICE OF ENTRY OF ORDER

I, the below named Executive Officer/Clerk of the
above-entitled court, do hereby certify that I am not
a party to the cause herein, and that this date I
served Notice of Entry of the above minute order of
04-20-10 upon each party or counsel named below by
depositing in the United States mail at the courthouse
in Los Angeles, California, one copy of the
original entered herein in a separate sealed envelope
for each, addressed as shown below with the postage
thereon fully prepaid.

Date: 04-20-10

John A. Clarke, Executive Officer/Clerk

Page   2 of   3   DEPT. 324

MINUTES ENTERED
04/20/10
COUNTY CLERK

## SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES

DATE: 04/20/10                                                DEPT. 324

HONORABLE EMILIE H. ELIAS          JUDGE  A. MORALES         DEPUTY CLERK

HONORABLE                          JUDGE PRO TEM             ELECTRONIC RECORDING MONITOR

        NONE              Deputy Sheriff  NONE                      Reporter

| 8:30 am | BC435303 | Plaintiff Counsel | NO APPEARANCES |
|---|---|---|---|
| | DEMETRIA RODRIGUEZ ET AL VS ETREBY COMPUTER COMPANY INC ET AL | Defendant Counsel | |
| | DEEMED COMPLEX (04-20-10) | | |

NATURE OF PROCEEDINGS:

By: _____
          K. HILAIRE


MARCARIAN LAW FIRM
Armond Marcarian, Esq.
15260 Ventura Boulevard, Suite 2250
Sherman Oaks, California  91403


                 Page   3 of   3   DEPT. 324

```
MINUTES ENTERED
04/20/10
COUNTY CLERK
```

Exhibit "B"
Page 47

ORIGINAL

FOR COURT USE ONLY

LOS ANGELES SUPERIOR COURT

APR 2 2 2010

JOH...

BY...

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
MARCARIAN, ARMOND
15260 VENTURA BLVD. Suite 2250
SHERMAN OAKS, CA 91403
TELEPHONE NO.: 818 995-8787     FAX NO. (Optional): 818 995-8817
EMAIL ADDRESS (Optional):
ATTORNEY FOR (Name): DEMETRIA RODRIGUEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS: 111 North Hill Street, Room 102
MAILING ADDRESS:
CITY AND ZIP CODE: Los Angeles 90012
BRANCH NAME: Central District, Stanley Mosk Courthouse

PLAINTIFF/PETITIONER: DEMETRIA RODRIGUEZ

DEFENDANT/RESPONDENT: ETREBY COMPUTER COMPANY, INC.

PROOF OF SERVICE OF SUMMONS

CASE NUMBER: BC435303

Ref. No. or File No.: 739350

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the (specify documents):
   Summons; Complaint for Damages; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of Location; Notice of Case Assignment

3. a. Party served (specify name of party as shown on documents served):
      CERNER CORPORATION
   b. [ X ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) (specify name and relationship to the party named in item 3a):
      Margaret Wilson, Process Specialist, A white female approx. 55-65 years of age 5'2"-5'4" in height weighing 120-140 lbs with gray hair

4. Address where the party was served:
   CT CORPORATION SYSTEM, 818 W SEVENTH Street, LOS ANGELES, CA 90017

5. I served the party (check proper box)
   a. [ X ] by personal service.  I personally delivered the documents listed in item 2 to the party or person authorized to receive service of process for the party  (1) on (date): 4/12/2010  (2) at (time): 2:30 PM
   b. [  ] by substituted service.  On (date): (2) at (time): I left the documents listed in item 2 with or in the presence of (name and title or relationship to person indicated in item 3):
      (1) [  ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [  ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [  ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing addresss of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [  ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):      from (city):      or [  ] a declaration of mailing is attached.
      (5) [  ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2
Code of Civil Procedure, § 417.10

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]

PROOF OF SERVICE OF SUMMONS

Order No. 6258922 LAX

| PLAINTIFF/PETITIONER: DEMETRIA RODRIGUEZ | CASE NUMBER: | BC435303 |
|---|---|---|
| DEFENDANT/RESPONDENT: ETREBY COMPUTER COMPANY, INC. | | |

c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date):*    (2) from *(city):*
    (3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope
        addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30)
    (4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

    [  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [  ] as an individual defendant.
  b. [  ] as the person sued under the fictitious name of *(specify):*
  c. [  ] as occupant
  d. [ X ] On behalf of *(specify):* CERNER CORPORATION
      under the following Code of Civil Procedure section:
        [ X ] 416.10 (corporation)                [  ] 415.95 (business organization, form unknown)
        [  ] 416.20 (defunct corporation)          [  ] 416.60 (minor)
        [  ] 416.30 (joint stock company/association)   [  ] 416.70 (ward or conservatee)
        [  ] 416.40 (association or partnership)     [  ] 416.90 (authorized person)
        [  ] 416.50 (public entity)              [  ] 415.46 (occupant)
                                                [  ] other

7. **Person who served papers**
  a. Name:                Mario Lopez
  b. Address:          261 S. Figueroa Street, SUITE 280, LOS ANGELES, CA 90012
  c. Telephone number:   213-621-9999
  d. The fee for service was:  $40.00
  e. I am:
    (1) [  ] not a registered California process server.
    (2) [  ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ X ] registered California process server:
        (i) [  ] owner  [  ] employee  [ X ] independent contractor
        (ii) [ X ] Registration No.:  5986
        (iii) [ X ] County:      Los Angeles

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or
9. [  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 4/19/2010

Mario Lopez
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)                   (SIGNATURE)



**PROOF OF SERVICE OF SUMMONS**

Page 2 of 2

Order No. 6258922 LAX

Exhibit "B"
Page 49

*ORIGINAL*

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** *(Name, State Bar number, and address):*<br>**MARCARIAN, ARMOND**<br>**15260 VENTURA BLVD, Suite 2250**<br>**SHERMAN OAKS, CA 91403**<br>TELEPHONE NO.: **818 995-8787**    FAX NO. *(Optional):* **818 995-8817**<br>EMAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* **DEMETRIA RODRIGUEZ** | **FOR COURT USE ONLY**<br><br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>**APR 22 2010**<br><br>JOHN A. CLARKE, CLERK<br>CASE NUMBER:<br>BY F. ~~BC435303~~ |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>STREET ADDRESS: **111 North Hill Street, Room 102**<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: **Los Angeles 90012**<br>BRANCH NAME: **Central District, Stanley Mosk Courthouse** | |
| PLAINTIFF/PETITIONER: **DEMETRIA RODRIGUEZ** | |
| DEFENDANT/RESPONDENT: **ETREBY COMPUTER COMPANY, INC.** | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>**739353** |

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   Summons; Complaint for Damages; Civil Case Cover Sheet; Civil Csae Cover Sheet Addendum and Statement of Location; Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
   **MCKESSON CORPORATION**
   b. [ X ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
   **Becky DeGeorge, Person Authorized to Accept, A white female approx. 40-45 years of age 5'4"-5'6" in height weighing 140-160 lbs with blonde hair**

4. Address where the party was served:
   **CSC LAWYERS INCORPORATING SERVICE, 2730 GATEWAY OAKS Drive SUITE 100, SACRAMENTO, CA 95833-3503**

5. I served the party *(check proper box)*
   a. [ X ] **by personal service.** I personally delivered the documents listed in Item 2 to the party or person authorized to receive service of process for the party  (1) on *(date):* **4/14/2010**  (2) at *(time):* **8:00 AM**
   b. [ ] **by substituted service.** On *(date):* (2) at *(time):* I left the documents listed in Item 2 with or in the presence of *(name and title or relationship to person indicated in item 3):*
      (1) [ ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of the person to be served. I informed him or her of the general nature of the papers.
      (2) [ ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place of abode of the party. I informed him or her of the general nature of the papers.
      (3) [ ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing address of the person to be served, other than a United States Postal Service post office box. I informed him or her of the general nature of the papers.
      (4) [ ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*      from *(city):*      or [ ] a declaration of mailing is attached.
      (5) [ ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.



Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 1 of 2<br>Code of Civil Procedure. § 417.10

Order No. 6258921 LAX

| PLAINTIFF/PETITIONER:  DEMETRIA RODRIGUEZ | CASE NUMBER: | BC435303 |
|---|---|---|
| DEFENDANT/RESPONDENT:  ETREBY COMPUTER COMPANY, INC. | | |

c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
  (1) on *(date):*     (2) from *(city):*
  (3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*)* (Code Civ. Proc., § 415.30)
  (4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

  [  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
  a. [  ] as an individual defendant.
  b. [  ] as the person sued under the fictitious name of *(specify):*
  c. [  ] as occupant.
  d. [ X ] On behalf of *(specify):* MCKESSON CORPORATION
    under the following Code of Civil Procedure section:

| | |
|---|---|
| [  ] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [  ] other |

7. **Person who served papers**
  a. Name:              Nathaniel Reiswig
  b. Address:           501 12TH STREET, SACRAMENTO, CA 95814
  c. Telephone number:  916-449-8990
  d. The fee for service was:   $59.50
  e. I am:
    (1) [  ] not a registered California process server.
    (2) [  ] exempt from registration under Business and Professions Code section 22350(b).
    (3) [ X ] registered California process server:
      (i) [  ] owner  [  ] employee  [ X ] independent contractor
      (ii) [ X ] Registration No.:  2010-17
      (iii) [ X ] County:            Sacramento

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.

or

9. [  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: 4/14/2010



_____
Nathaniel Reiswig
(NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)

_____
(SIGNATURE)

POS-010 [Rev. January 1, 2007]

**PROOF OF SERVICE OF SUMMONS**

Page 2 of 2

Order No. 6258921 LAX

ORIGINAL

| | |
|---|---|
| **ATTORNEY OR PARTY WITHOUT ATTORNEY** (Name, State Bar number, and address):<br>**MARCARIAN, ARMOND**<br>15260 VENTURA BLVD. Suite 2250<br>SHERMAN OAKS, CA 91403<br>　　TELEPHONE NO.: 818 995-8787　　FAX NO. (Optional): 818 995-8817<br>EMAIL ADDRESS (Optional):<br>　　ATTORNEY FOR (Name): DEMETRIA RODRIGUEZ | FOR COURT USE ONLY<br>**FILED**<br>LOS ANGELES SUPERIOR COURT<br><br>APR 2 2 2010<br><br>JOHN A. CLARKE, CLERK<br><br>BY E. MUÑOZ, DEPUTY |
| **SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES**<br>　STREET ADDRESS: 111 North Hill Street, Room 102<br>　MAILING ADDRESS:<br>　CITY AND ZIP CODE: Los Angeles 90012<br>　BRANCH NAME: Central District, Stanley Mosk Courthouse | |
| **PLAINTIFF/PETITIONER:** DEMETRIA RODRIGUEZ | CASE NUMBER:<br>BC435303 |
| **DEFENDANT/RESPONDENT:** ETREBY COMPUTER COMPANY, INC. | |
| **PROOF OF SERVICE OF SUMMONS** | Ref. No. or File No.:<br>739353 |

1: At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the (specify documents):
　Summons; Complaint for Damages; Civil Case Cover Sheet; Civil Csae Cover Sheet Addendum and Statement of
　Location; Notice of Case Assignment

3. a. Party served (specify name of party as shown on documents served):
　RELAY HEALTH CORPORATION

　b. [ X ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
　item 5b whom substituted service was made) (specify name and relationship to the party named in item 3a):
　Becky DeGeorge, Person Authorized to Accept, A white female approx. 40-45 years of age 5'4"-5'6" in height weighing
　140-160 lbs with blonde hair

4. Address where the party was served:
　CSC LAWYERS INCORPORATING SERVICE, 2730 GATEWAY OAKS Drive SUITE 100, SACRAMENTO, CA 95833-3503

5. I served the party (check proper box)
　a. [ X ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
　　service of process for the party　(1) on (date): 4/14/2010　(2) at (time): 8:00 AM

　b. [　] **by substituted service.** On (date):　(2) at (time):　I left the documents listed in item 2 with or in the presence of
　　(name and title or relationship to person indicated in item 3):
　　(1) [　] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of
　　　the person to be served. I informed him or her of the general nature of the papers.
　　(2) [　] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place
　　　of abode of the party. I informed him or her of the general nature of the papers.
　　(3) [　] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing
　　　address of the person to be served, other than a United States Postal Service post office box. I informed him
　　　or her of the general nature of the papers.
　　(4) [　] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
　　　place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):　　from
　　　(city):　　or [　] a declaration of mailing is attached.
　　(5) [　] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 [Rev. January 1, 2007]
Code of Civil Procedure, § 417.10

**PROOF OF SERVICE OF SUMMONS**

Order No. 6258919 LAX

| PLAINTIFF/PETITIONER:  DEMETRIA RODRIGUEZ | CASE NUMBER: | |
|---|---|---|
| DEFENDANT/RESPONDENT:  ETREBY COMPUTER COMPANY, INC. | | BC435303 |

c. [   ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
   (1) on *(date):*       (2) from *(city):*
   (3) [   ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.*) (Code Civ. Proc., § 415.30)*
   (4) [   ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [   ] **by other means** *(specify means of service and authorizing code section):*

   [   ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
   a. [   ] as an individual defendant.
   b. [   ] as the person sued under the fictitious name of *(specify):*
   c. [   ] as occupant.
   d. [ X ] On behalf of *(specify):* RELAY HEALTH CORPORATION
       under the following Code of Civil Procedure section:

   [ X ] 416.10 (corporation)                          [   ] 415.95 (business organization, form unknown)
   [   ] 416.20 (defunct corporation)                   [   ] 416.60 (minor)
   [   ] 416.30 (joint stock company/association)       [   ] 416.70 (ward or conservatee)
   [   ] 416.40 (association or partnership)            [   ] 416.90 (authorized person)
   [   ] 416.50 (public entity)                         [   ] 415.46 (occupant)
                                                        [   ] other

7. **Person who served papers**
   a. Name:                     **Nathaniel Reiswig**
   b. Address:                  **501 12TH STREET, SACRAMENTO, CA 95814**
   c. Telephone number:         **916-449-8990**
   d. The fee for service was:  **$40.00**
   e. I am:
      (1) [   ]  not a registered California process server.
      (2) [   ]  exempt from registration under Business and Professions Code section 22350(b).
      (3) [ X ]  registered California process server:

          (i)   [   ] owner   [   ] employee   [ X ] independent contractor
          (ii)  [ X ] Registration No.:   2010-17
          (iii) [ X ] County:             Sacramento

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
      or
9. [   ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date:  4/14/2010

_____                    _____
          **Nathaniel Reiswig**                                              (SIGNATURE)
  (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL)



**PROOF OF SERVICE OF SUMMONS**

Order No. 6258919 LAX



| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| **MARCARIAN, ARMOND**<br>**15260 VENTURA BLVD, Suite 2250**<br>**SHERMAN OAKS, CA 91403**<br>TELEPHONE NO.: 818 995-8787   FAX NO. *(Optional):* 818 995-8817<br>EMAIL ADDRESS *(Optional):*<br>ATTORNEY FOR *(Name):* DEMETRIA RODRIGUEZ | FILED<br>LOS ANGELES SUPERIOR COURT<br><br>APR 2 2 2010<br><br>JOHN A. CLARKE, CLERK<br>E. MUNOZ, DEPUTY |

| SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES | |
|---|---|
| STREET ADDRESS: 111 North Hill Street, Room 102<br>MAILING ADDRESS:<br>CITY AND ZIP CODE: Los Angeles 90012<br>BRANCH NAME: Central District, Stanley Mosk Courthouse | |

| PLAINTIFF/PETITIONER: DEMETRIA RODRIGUEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ETREBY COMPUTER COMPANY, INC. | BC435303 |

| PROOF OF SERVICE OF SUMMONS | Ref. No. or File No.:<br>739353 |
|---|---|

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the *(specify documents):*
   Summons; Complaint for Damages; Civil Case Cover Sheet; Civil Csae Cover Sheet Addendum and Statement of
   Location; Notice of Case Assignment

3. a. Party served *(specify name of party as shown on documents served):*
      NDCHEALTH CORPORATION
   b. [ X ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
      item 5b whom substituted service was made) *(specify name and relationship to the party named in item 3a):*
      Becky DeGeorge, Person Authorized to Accept, A white female approx. 40-45 years of age 5'4"-5'6" in height weighing
      140-160 lbs with blonde hair

4. Address where the party was served:
   CSC LAWYERS INCORPORATING SERVICE, 2730 GATEWAY OAKS Drive SUITE 100, SACRAMENTO, CA 95833-3503

5. I served the party *(check proper box)*
   a. [ X ] **by personal service.** I personally delivered the documents listed in item 2 to the party or person authorized to receive
      service of process for the party  (1) on *(date):* 4/14/2010  (2) at *(time):*  I:00 AM
   b. [  ] **by substituted service.** On *(date):*  (2) at *(time):*  I left the documents listed in item 2 with or in the presence of
      *(name and title or relationship to person indicated in item 3):*
      (1) [  ] **(business)** a person at least 18 years of age apparently in charge at the office or usual place of business of
         the person to be served. I informed him or her of the general nature of the papers.
      (2) [  ] **(home)** a competent member of the household (at least 18 years of age) at the dwelling house or usual place
         of abode of the party. I informed him or her of the general nature of the papers.
      (3) [  ] **(physical address unknown)** a person of at least 18 years of age apparently in charge at the usual mailing
         address of the person to be served, other than a United States Postal Service post office box. I informed him
         or her of the general nature of the papers.
      (4) [  ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
         place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on *(date):*        from
         *(city):*        or [  ] a declaration of mailing is attached.
      (5) [  ] I attach a **declaration of diligence** stating actions taken first to attempt personal service.

| Form Adopted for Mandatory Use<br>Judicial Council of California<br>POS-010 [Rev. January 1, 2007] | **PROOF OF SERVICE OF SUMMONS** | Code of Civil Procedure, § 417.10 |
|---|---|---|



Order No. 6258920 LAX

| PLAINTIFF/PETITIONER: DEMETRIA RODRIGUEZ | CASE NUMBER: |
|---|---|
| DEFENDANT/RESPONDENT: ETREBY COMPUTER COMPANY, INC. | BC435303 |

c. [ ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in Item 2 to the party, to the address shown in Item 4, by first-class mail, postage prepaid,
    (1) on *(date):*    (2) from *(city):*
    (3) [ ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed* Notice and Acknowledgment of Receipt.) (Code Civ. Proc., § 415.30)
    (4) [ ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [ ] **by other means** *(specify means of service and authorizing code section):*

    [ ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. [ ] as an individual defendant.
    b. [ ] as the person sued under the fictitious name of *(specify):*
    c. [ ] as occupant
    d. [ X ] On behalf of *(specify):* NDCHEALTH CORPORATION
        under the following Code of Civil Procedure section:
        [X] 416.10 (corporation)        [ ] 415.95 (business organization, form unknown)
        [ ] 416.20 (defunct corporation)        [ ] 416.60 (minor)
        [ ] 416.30 (joint stock company/association)    [ ] 416.70 (ward or conservatee)
        [ ] 416.40 (association or partnership)       [ ] 416.90 (authorized person)
        [ ] 416.50 (public entity)        [ ] 415.46 (occupant)
                                        [ ] other

7. **Person who served papers**
    a. Name:               **Nathaniel Reiswig**
    b. Address:           **501 12TH STREET, SACRAMENTO, CA 95814**
    c. Telephone number:    **916-449-8990**
    d. The fee for service was:  **$40.00**
    e. I am:
        (1) [ ] not a registered California process server.
        (2) [ ] exempt from registration under Business and Professions Code section 22350(b).
        (3) [ X ] registered California process server:
            (i) [ ] owner  [ ] employee  [ X ] independent contractor
            (ii) [ X ] Registration No.:  **2010-17**
            (iii) [ X ] County:        **Sacramento**

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
      or
9. [ ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **4/14/2010**

| | |
|---|---|
| **Nathaniel Reiswig** | |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |



**PROOF OF SERVICE OF SUMMONS**         Order No. 6258920 LAX

ORIGINAL

FOR COURT USE ONLY

FILED
LOS ANGELES SUPERIOR COURT

APR 2 2 2010

JOHN A. CLARKE, CLERK

BY C. MIZ/ALDEPUTY

ATTORNEY OR PARTY WITHOUT ATTORNEY (Name, State Bar number, and address):
MARCARIAN, ARMOND
15260 VENTURA BLVD. Suite 2250
SHERMAN OAKS, CA 91403
TELEPHONE NO.: 818 995-8787        FAX NO. (Optional): 818 995-8817
EMAIL ADDRESS (Optional):
ATTORNEY FOR (Name):   DEMETRIA RODRIGUEZ

SUPERIOR COURT OF CALIFORNIA, COUNTY OF LOS ANGELES
STREET ADDRESS:  111 North Hill Street, Room 102
MAILING ADDRESS:
CITY AND ZIP CODE:  Los Angeles 90012
BRANCH NAME:  Central District, Stanley Mosk Courthouse

PLAINTIFF/PETITIONER:  DEMETRIA RODRIGUEZ

DEFENDANT/RESPONDENT:  ETREBY COMPUTER COMPANY, INC.

CASE NUMBER:  BC435303

Ref. No. or File No.:  739350

**PROOF OF SERVICE OF SUMMONS**

1. At the time of service I was at least 18 years of age and not a party to this action.

2. I served copies of the (specify documents):
   Summons; Complaint for Damages; Civil Case Cover Sheet; Civil Case Cover Sheet Addendum and Statement of
   Location; Notice of Case Assignment

3. a. Party served (specify name of party as shown on documents served):
   CERNER HEALTHCARE SOLUTIONS, INC.
   b. [ X ] Person (other than the party in item 3a) served on behalf of an entity or as an authorized agent (and not a person under
   item 5b whom substituted service was made) (specify name and relationship to the party named in item 3a):
   Margaret Wilson, Process Specialist, A white female approx. 55-65 years of age 5'2"-5'4" in height weighing 120-140
   lbs with gray hair

4. Address where the party was served:
   CT CORPORATION SYSTEM, 818 W SEVENTH Street, LOS ANGELES, CA 90017

5. I served the party (check proper box)
   a. [ X ] by personal service.   I personally delivered the documents listed in item 2 to the party or person authorized to receive
   service of process for the party   (1) on (date): 4/12/2010   (2) at (time): 2:30 PM
   b. [  ] by substituted service.   On (date):   (2) at (time):   I left the documents listed in item 2 with or in the presence of
   (name and title or relationship to person indicated in item 3):
       (1) [  ] (business) a person at least 18 years of age apparently in charge at the office or usual place of business of
       the person to be served. I informed him or her of the general nature of the papers.
       (2) [  ] (home) a competent member of the household (at least 18 years of age) at the dwelling house or usual place
       of abode of the party. I informed him or her of the general nature of the papers.
       (3) [  ] (physical address unknown) a person at least 18 years of age apparently in charge at the usual mailing
       address of the person to be served, other than a United States Postal Service post office box. I informed him
       or her of the general nature of the papers.
       (4) [  ] I thereafter mailed (by first-class, postage prepaid) copies of the documents to the person to be served at the
       place where the copies were left (Code Civ. Proc., § 415.20). I mailed the documents on (date):   from
       (city):   or [  ] a declaration of mailing is attached.
       (5) [  ] I attach a declaration of diligence stating actions taken first to attempt personal service.

Page 1 of 2

Form Adopted for Mandatory Use
Judicial Council of California
POS-010 (Rev. January 1, 2007)

**PROOF OF SERVICE OF SUMMONS**

Code of Civil Procedure, § 417.10

Order No. 6258923 LAX

| PLAINTIFF/PETITIONER: **DEMETRIA RODRIGUEZ** | CASE NUMBER: | |
|---|---|---|
| DEFENDANT/RESPONDENT: **ETREBY COMPUTER COMPANY, INC.** | | **BC435303** |

c. [  ] **by mail and acknowledgment of receipt of service.** I mailed the documents listed in item 2 to the party, to the address shown in item 4, by first-class mail, postage prepaid,
    (1) on *(date):*    (2) from *(city):*
    (3) [  ] with two copies of the *Notice and Acknowledgment of Receipt* and a postage-paid return envelope addressed to me. *(Attach completed Notice and Acknowledgment of Receipt.)* (Code Civ. Proc., § 415.30)
    (4) [  ] to an address outside California with return receipt requested. (Code Civ. Proc., § 415.40)

d. [  ] **by other means** *(specify means of service and authorizing code section):*

    [  ] Additional page describing service is attached.

6. The "Notice to the Person Served" (on the summons) was completed as follows:
    a. [  ] as an individual defendant.
    b. [  ] as the person sued under the fictitious name of *(specify):*
    c. [  ] as occupant
    d. [ X ] On behalf of *(specify):* **CERNER HEALTHCARE SOLUTIONS, INC.**
        under the following Code of Civil Procedure section:

| | |
|---|---|
| [X] 416.10 (corporation) | [  ] 415.95 (business organization, form unknown) |
| [  ] 416.20 (defunct corporation) | [  ] 416.60 (minor) |
| [  ] 416.30 (joint stock company/association) | [  ] 416.70 (ward or conservatee) |
| [  ] 416.40 (association or partnership) | [  ] 416.90 (authorized person) |
| [  ] 416.50 (public entity) | [  ] 415.46 (occupant) |
| | [  ] other |

7. **Person who served papers**
    a. Name:        **Mario Lopez**
    b. Address:    **261 S. Figueroa Street, SUITE 280, LOS ANGELES, CA 90012**
    c. Telephone number:    **213-621-9999**
    d. The fee for service was:    **$40.00**
    e. I am:
        (1) [  ] not a registered California process server.
        (2) [  ] exempt from registration under Business and Professions Code section 22350(b).
        (3) [ X ] registered California process server:

            (i) [  ] owner  [  ] employee  [ X ] independent contractor
            (ii) [ X ] Registration No.:  **5986**
            (iii) [ X ] County:    **Los Angeles**

8. [ X ] I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct.
    or

9. [  ] I am a California sheriff or marshal and I certify that the foregoing is true and correct.

Date: **4/19/2010**

| | |
|---|---|
|       **Mario Lopez** | |
| (NAME OF PERSON WHO SERVED PAPERS/SHERIFF OR MARSHAL) | (SIGNATURE) |

POS-010 (Rev. January 1, 2007)                                      Page 2 of 2



**PROOF OF SERVICE OF SUMMONS**          Order No. 6256923 LAX

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

### NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Valerie Baker Fairbank and the assigned discovery Magistrate Judge is Fernando M. Olguin.

The case number on all documents filed with the Court should read as follows:

## CV10- 3522 VBF (FMOx)

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

All discovery related motions should be noticed on the calendar of the Magistrate Judge

======================================================

### NOTICE TO COUNSEL

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
   **312 N. Spring St., Rm. G-8**
   **Los Angeles, CA 90012**

[ ] **Southern Division**
   **411 West Fourth St., Rm. 1-053**
   **Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
   **3470 Twelfth St., Rm. 134**
   **Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
## CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
DEMETRIA RODRIGUEZ, NOVA JIMENEZ, HESHMATOLLAH NAYERI, VAHIDEH KARAMIAN, PARVIN MAJIDIAN, SAMANTHA TIKOTIN, individually and on behalf of all others similarly situated.

**DEFENDANTS**
MCKESSON CORP., RELAYHEALTH CORP., NDCHEALTH CORP., ETREBY COMPUTER COMPANY, INC., CERNER HEALTHCARE SOLUTIONS, INC., CERNER CORP., and Does 1 through 50 inclusive.

**(b) Attorneys** (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Armond Marcarian
Marcarian Law Firm
15260 Ventura Boulevard, Suite 2250
Sherman Oaks, CA 91403
(818) 995-8787

**Attorneys (If Known)**
David M. Walsh
Joshua G. Hamilton
Paul, Hastings, Janofsky & Walker LLP
515 S. Flower Street, 25th Floor
Los Angeles, CA 90071-2228
(213) 683-6000

**II. BASIS OF JURISDICTION** (Place an X in one box only.)
- ☐ 1 U.S. Government Plaintiff
- ☐ 2 U.S. Government Defendant
- ☐ 3 Federal Question (U.S. Government Not a Party)
- ☒ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☒ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☐ 4 |
| Citizen of Another State | ☐ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☒ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)
- ☐ 1 Original Proceeding
- ☒ 2 Removed from State Court
- ☐ 3 Remanded from Appellate Court
- ☐ 4 Reinstated or Reopened
- ☐ 5 Transferred from another district (specify):
- ☐ 6 Multi-District Litigation
- ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☒ Yes ☐ No (Check 'Yes' only if demanded in complaint.)
**CLASS ACTION under F.R.C.P. 23:** ☒ Yes ☐ No   ☒ **MONEY DEMANDED IN COMPLAINT: $** more than $5,000,000

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
State law claims for alleged violation of Cal. Civ. Code § 56 et seq.; Negligence; Unfair Competition; Declaratory Relief and Unjust Enrichment.

**VII. NATURE OF SUIT** (Place an X in one box only.)

**OTHER STATUTES**
- ☐ 400 State Reapportionment
- ☐ 410 Antitrust
- ☐ 430 Banks and Banking
- ☐ 450 Commerce/ICC Rates/etc.
- ☐ 460 Deportation
- ☐ 470 Racketeer Influenced and Corrupt Organizations
- ☐ 480 Consumer Credit
- ☐ 490 Cable/Sat TV
- ☐ 810 Selective Service
- ☐ 850 Securities/Commodities/Exchange
- ☐ 875 Customer Challenge 12 USC 3410
- ☒ 890 Other Statutory Actions
- ☐ 891 Agricultural Act
- ☐ 892 Economic Stabilization Act
- ☐ 893 Environmental Matters
- ☐ 894 Energy Allocation Act
- ☐ 895 Freedom of Info. Act
- ☐ 900 Appeal of Fee Determination Under Equal Access to Justice
- ☐ 950 Constitutionality of State Statutes

**CONTRACT**
- ☐ 110 Insurance
- ☐ 120 Marine
- ☐ 130 Miller Act
- ☐ 140 Negotiable Instrument
- ☐ 150 Recovery of Overpayment & Enforcement of Judgment
- ☐ 151 Medicare Act
- ☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
- ☐ 153 Recovery of Overpayment of Veteran's Benefits
- ☐ 160 Stockholders' Suits
- ☐ 190 Other Contract
- ☐ 195 Contract Product Liability
- ☐ 196 Franchise

**REAL PROPERTY**
- ☐ 210 Land Condemnation
- ☐ 220 Foreclosure
- ☐ 230 Rent Lease & Ejectment
- ☐ 240 Torts to Land
- ☐ 245 Tort Product Liability
- ☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
- ☐ 310 Airplane
- ☐ 315 Airplane Product Liability
- ☐ 320 Assault, Libel & Slander
- ☐ 330 Fed. Employers' Liability
- ☐ 340 Marine
- ☐ 345 Marine Product Liability
- ☐ 350 Motor Vehicle
- ☐ 355 Motor Vehicle Product Liability
- ☐ 360 Other Personal Injury
- ☐ 362 Personal Injury-Med Malpractice
- ☐ 365 Personal Injury-Product Liability
- ☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
- ☐ 462 Naturalization Application
- ☐ 463 Habeas Corpus-Alien Detainee
- ☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
- ☐ 370 Other Fraud
- ☐ 371 Truth in Lending
- ☐ 380 Other Personal Property Damage
- ☐ 385 Property Damage Product Liability

**BANKRUPTCY**
- ☐ 22 Appeal 28 USC 158
- ☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
- ☐ 441 Voting
- ☐ 442 Employment
- ☐ 443 Housing/Accommodations
- ☐ 444 Welfare
- ☐ 445 American with Disabilities – Employment
- ☐ 446 American with Disabilities – Other
- ☐ 440 Other Civil Rights

**PRISONER PETITIONS**
- ☐ 510 Motions to Vacate Sentence Habeas Corpus
- ☐ 530 General
- ☐ 535 Death Penalty
- ☐ 540 Mandamus/Other
- ☐ 550 Civil Rights
- ☐ 555 Prison Condition

**FORFEITURE / PENALTY**
- ☐ 610 Agriculture
- ☐ 620 Other Food & Drug
- ☐ 625 Drug Related Seizure of Property 21 USC 881
- ☐ 630 Liquor Laws
- ☐ 640 R.R. & Truck
- ☐ 650 Airline Regs
- ☐ 660 Occupational Safety /Health
- ☐ 690 Other

**LABOR**
- ☐ 710 Fair Labor Standards Act
- ☐ 720 Labor/Mgmt. Relations
- ☐ 730 Labor/Mgmt. Reporting & Disclosure Act
- ☐ 740 Railway Labor Act
- ☐ 790 Other Labor Litigation
- ☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
- ☐ 820 Copyrights
- ☐ 830 Patent
- ☐ 840 Trademark

**SOCIAL SECURITY**
- ☐ 61 HIA(1395ff)
- ☐ 862 Black Lung (923)
- ☐ 863 DIWC/DIWW 405(g))
- ☐ 864 SSID Title XVI
- ☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
- ☐ 870 Taxes (U.S. Plaintiff or Defendant)
- ☐ 871 IRS-Third Party 26 USC 7609

**FOR OFFICE USE ONLY:** Case Number: CV10-3522

AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.

CV-71 (05/08)   CIVIL COVER SHEET   Page 1 of 2

American LegalNet, Inc.
www.FormsWorkflow.com

**UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA**
CIVIL COVER SHEET

| | |
|---|---|
| **VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? | ☒ No  ☐ Yes |
| If yes, list case number(s): | . |

| | |
|---|---|
| **VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? | ☒ No  ☐ Yes |
| If yes, list case number(s): | . |

Civil cases are deemed related if a previously filed case and the present case:

(Check all boxes that apply)  ☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐  Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Demetra Rodriguez, Heshmatollah Nayeri, Vahideh Karamian, Parvin Majidian, Samantha Tikotin - County of Los Angeles<br>Nova Jimenez - County of Ventura | |

(b)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐  Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| McKesson Corp., NDCHealth Corp., Cerner Healthcare Solutions Corp., Cerner Corp. – County of Los Angeles | Relay Health Corp. – N/A (does not exist)<br>Etreby Computer Company, Inc. – N/A (does not exist) |

(c)  List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
Note: In land condemnation cases, use the location of the tract of land involved.

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | State of Georgia |

\* Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties
Note: In land condemnation cases, use the location of the tract of land involved

| X. SIGNATURE OF ATTORNEY (OR PRO PER): | _signature_  DAVID M. WALSH | Date | 5/10/00 |
|---|---|---|---|

Notice to Counsel/Parties: The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3 -1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |

American LegalNet, Inc.<br>www.FormsWorkflow.com