ARMOND MARCARIAN (SB# 213883)
Armond@MarcarianLaw.Us
MARC L. McCULLOCH (SB# 252526)
Marc@MarcarianLaw.Us
MARCARIAN LAW FIRM
15260 Ventura Boulevard, Suite 2250
Sherman Oaks, CA 91403
Telephone: (818) 995-8787
Facsimile: (818) 995-8817

Class Counsel and Attorneys for Plaintiffs
DEMETRIA RODRIGUEZ, *et al.*

DAVID M. WALSH (SB# 120761)
davidwalsh@paulhastings.com
GRACE A. CARTER (SB# 101610)
gracecarter@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA  90071-2228
Telephone:  (213) 683-6000
Facsimile:  (213) 627-0705

Attorneys for Defendants
NDCHEALTH CORPORATION and
MCKESSON CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIA RODRIGUEZ, et al., <br><br>           Plaintiffs, <br><br>     vs. <br><br> NDCHEALTH CORPORATION, et al., <br><br>           Defendants. | Case No.: CV 10-3522-VBF (FMOx) <br><br> [Assigned for all purposes to Honorable Valerie Baker Fairbank] <br><br> **STIPULATION PROPOSING SETTLEMENT FUND (CY PRES) RECIPIENTS** <br><br> **[Supplement to Dkt. 98]** <br><br> <u>Hearing</u> <br><br> Date:   June 27, 2011 <br> Time:  1:30 pm <br> Courtroom:  Room 9 |

Plaintiffs Demetria Rodriguez, Heshmatollah Nayeri, Vahideh Karamian, Parvin Majidian, Samantha Tikotin, and J.A.J., a minor, by and through her guardian Raul Jimenez ("Class Representatives") and defendants NDCHealth Corporation and McKesson Corporation ("Defendants" and with the Class Representatives, the "Parties") by and through their respective attorneys, hereby stipulate as follows:

WHEREAS the Parties have entered into a settlement of this class action lawsuit, documented in a Stipulation of Settlement executed as of December 9, 2010 (the "Settlement," Dkt. 75-1); and

WHEREAS the Settlement at paragraph 4.2.2 anticipates that the Parties may mutually agree to recommend to the Court a list of charitable or public service organizations ("Proposed Recipients") to receive the residual proceeds of the Settlement Fund as described in paragraph 7.5.1(e); and

WHEREAS, the Parties have mutually agreed upon a list of Proposed Recipients and corresponding allocations;

NOW, THEREFORE, IT IS HEREBY STIPULATED that, subject to the Court's approval, the following distributions be made from the residual proceeds of the Settlement Fund as described in paragraph 7.5.1(e) of the Settlement ("Residual Fund"):

(1) $200,000, or seven percent (7%) of the Residual Fund, whichever is less, to the California Office of Privacy Protection ("COPP") (*see* concurrently-filed Declaration of Grace A. Carter in Support of Stipulation Proposing Settlement Fund (Cy Pres) Recipients ("Carter Decl."), ¶ 6, Exhibit 1);

(2) Any distribution to the COPP is contingent upon the governor's final approval of a budget of $500,000 or more for the COPP in

fiscal year 2011-2012 and, in the event such budget is not approved, the proposed COPP distribution shall become residue of the Residual Fund, distributed pursuant to paragraph 10 below;

(3) $260,000, or nine percent (9%) of the Residual Fund, whichever is less, to the Center for Democracy & Technology (*see* Carter Decl., ¶ 7, Exhibit 2);

(4) $710,000, or twenty-five percent (25%) of the Residual Fund, whichever is less, to the Consumer Federation of California (*see* concurrently-filed Declaration of Marc L. McCulloch in Support of Stipulation Proposing Settlement Fund (Cy Pres) Recipients ("McCulloch Decl."), ¶ 5, Exhibit 1);

(5) $100,000, or three and one-half percent (3.5%) of the Residual Fund, whichever is less, to the Consumer Federation of California Education Fund (*see* McCulloch Decl., ¶ 6, Exhibit 2);

(6) $175,000, or six percent (6%) of the Residual Fund, whichever is less, to Consumer Watchdog (*see* McCulloch Decl., ¶ 7, Exhibit 3);

(7) $145,000, or five percent (5%) of the Residual Fund, whichever is less, to Pharmacist Planning Services, Inc. (*see* McCulloch Decl., ¶ 8, Exhibit 4);

(8) $275,000, or nine and one-half percent (9.5%) of the Residual Fund, whichever is less, to Privacy Rights Clearinghouse (*see* McCulloch Decl., ¶ 9, Exhibit 5);

(9) $100,000, or three and one-half percent (3.5%) of the Residual Fund, whichever is less, to the World Privacy Forum (*see* McCulloch Decl., ¶ 10, Exhibit 6);

(10) After all the foregoing distributions have been made, the residue, estimated to be not less than $892,000, or not less than thirty-one and one-half percent (31.5%) of the Residual Fund, to the Rose Foundation (see McCulloch Decl., ¶ 11, Exhibit 7). The Parties may stipulate that all or part of the portion of the residue that consists of funds originally allocated to the COPP pursuant to paragraphs 1 and 2 above may be re-directed by the Rose Foundation to the COPP for the purposes set forth in the COPP proposal (Exhibit 1 to the Carter Decl.).

DATED: June 20, 2011    PAUL, HASTINGS, JANOFSKY & WALKER LLP

By: /s/ Grace A. Carter
GRACE A. CARTER

Attorneys for Defendants
NDCHEALTH CORPORATION and
MCKESSON CORPORATION

DATED: June 20, 2011    MARCARIAN LAW FIRM

By: /s/ Marc. L. McCulloch
MARC L. MCCULLOCH

Class Counsel and Attorneys for Plaintiffs
DEMETRIA RODRIGUEZ, HESHMATOLLAH
NAYERI, VAHIDEH KARAMIAN, PARVIN
MAJIDIAN, SAMANTHA TIKOTIN and J.A.J., a
minor, by and through her guardian RAUL
JIMENEZ