UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES -- GENERAL

Case No.  **CV 10-3522-VBF(FMOx)**                               Dated: **June 27, 2011**

Title:    Demetria Rodriguez, et al. -v- Etreby Computer Company, Inc., et al.

---

PRESENT:  HONORABLE VALERIE BAKER FAIRBANK, U.S. DISTRICT JUDGE

          Joseph Remigio                              None Present
          Courtroom Deputy                            Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFFS:     ATTORNEYS PRESENT FOR DEFENDANTS:

          None Present                                None Present

**PROCEEDINGS (IN CHAMBERS):**    **COURT'S TENTATIVE ORDER RE JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [DKT. #98]; MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL [DKT. #97]**

**I.  TENTATIVE RULING**

   The Court has received, read, and considered Joint Motion for Final Approval of Class Action Settlement (dkt. #98), Stipulation Proposing Settlement Fund (Cy Pres) Recipients (dkt. #106), and related documents. The Court has also received Motion for an Award of Attorneys' Fees and Costs to Class Counsel (dkt. #97), and related documents.

   Based on the moving papers, the Court would **GRANT** both the Joint Motion for Final Approval of Class Action Settlement (dkt. #98) and the Motion for an Award of Attorneys' Fees and Costs to Class Counsel (dkt. #97) as follows:

   **A.  Joint Motion for Final Approval of Class Action Settlement:**
       1.  The pertinent factors support a finding that the settlement is fair, reasonable, and adequate. Fed. R. Civ.

MINUTES FORM 90                          Initials of Deputy Clerk    jre
CIVIL - GEN

            P. 23(e)(2); *Officers for Justice v. Civ. Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).
2. The notice was reasonable, and the requirements for class certification are met. *See* Fed. R. Civ. P. 23(a), (b), & (e).

**B.** **Motion for an Award of Attorneys' Fees and Costs to Class Counsel**: The Court would find that the requested fees and costs are reasonable. *See* Fed. R. Civ. P. 23(h). **The Court would invite further argument addressing why the multiplier and amount of fees requested are appropriate**.

As set forth below in Section V, the [Proposed] Order Granting Motion for an Award of Attorneys' Fees and Costs to Class Counsel (dkt. #97-4) is deficient. The [Proposed] Order states that the requested fees and costs are reasonable under the circumstances of this case. However, the [Proposed] Order does not state that the class members were adequately notified of Class Counsel's request for fees and costs. Accordingly, the Court would order Plaintiffs to submit a revised [Proposed] Order Granting Motion for an Award of Attorneys' Fees and Costs to Class Counsel no later than July 5, 2011.

**II. RELEVANT BACKGROUND**

    **A. Factual Background**

Defendant NDCHealth Corporation operates a computer network that facilitates the adjudication and processing of prescription claims. Plaintiffs allege that in or around October 2009 and November 2009, NDCHealth transferred historical prescription claims data to Target Pharmacy covering the period of February 1, 2008 through December 31, 2008, that included Plaintiffs' and class members' prescription claims data, despite the fact that Plaintiffs and class members were not Target pharmacy customers. Plaintiffs allege that Defendant McKesson Corporation is jointly and severally liable for NDCHealth's actions.

Plaintiffs assert that Defendants violated California's Confidentiality of Medical Information Act, California Civil Code Section 56, *et seq.* (the "CMIA"). Plaintiffs contend that the data transferred by NDCHealth to Target contained confidential medical information, and that the transfer violated the CMIA's prohibitions on use and/or disclosure of confidential medical information to unauthorized recipients.

MINUTES FORM 90                            Initials of Deputy Clerk    jre
CIVIL - GEN

Defendants have denied and continue to deny that they violated the CMIA, and deny all charges of wrongdoing or liability against them arising out of any of the conduct alleged, or that could have been alleged, in the litigation. Specifically, Defendants contend that because the data was transferred to Target in error, and because Target treated the data as confidential and destroyed it before the information was viewed by anyone at Target, Plaintiffs cannot establish a violation of CMIA as a matter of law. Defendants further contend that McKesson is legally not responsible for the independent acts of NDCHealth.

**B. Procedural Background**

On April 7, 2010, Plaintiffs filed their initial Complaint (dkt. #2, Exh. A) in state court, alleging violation of the CMIA, negligence, unfair competition, and declaratory relief/unjust enrichment against NDCHealth, McKesson, and four other Defendants: Etreby Computer Co., Cerner Corporation, Cerner Healthcare Solutions, and RelayHealth Corporation. On May 11, 2010, Defendants removed the litigation to this Court (dkt. #2).

On June 10, 2010, Defendants filed Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(b)(6) (dkt. #16). On July 23, 2010, the Court granted the Motion with leave to amend (dkt. #49). On August 9, 2010, Plaintiffs filed the First Amended Complaint (dkt. #55), naming as Defendants only NDCHealth Corporation and McKesson Corporation. On August 23, 2010, Defendants filed Motion to Dismiss the First Amended Complaint Pursuant to Federal Rule of Civil Procedure 12(b)(6) (dkt. #57).

On September 11, 2010, the Parties engaged in a court-ordered day-long mediation before Jeffrey Krivis, a respected neutral. Based on proposals put forth by the mediator, the Parties were able to agree to the general terms of the settlement, and the Parties negotiated the specific terms of the settlement shortly after. On October 12, 2010, the Parties filed Notice of Settlement (dkt. #72). In response, on October 13, 2010, the Court ordered the Parties to file Motion for Preliminary Approval of Class Action Settlement by December 6, 2010, and took the hearing on Defendants' Motion to Dismiss off calendar (dkt. #73).

On December 10, 2010, the Parties filed Joint Motion for Preliminary Approval of Class Action Settlement (dkt. #75) and Stipulation of Settlement (dkt. #75-1). On January 12, 2011, the Court heard oral argument and granted the Motion for Preliminary Approval of Class Action Settlement (dkts. #84, 85, 86). The Parties were ordered to file a Second Amended Complaint, which was filed on May 31, 2011 (dkt. #105).

**III. JOINT MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT [DKT. #98]**

Rule 23(e) of the Federal Rules of Civil Procedure states that a court may approve a class action settlement that binds class members "only after a hearing and on finding that it is fair, reasonable, and adequate." Fed. R. Civ. P. 23(e).

The decision whether to approve or reject a class action settlement is committed to the sound discretion of the trial court, but "the court's intrusion upon what is otherwise a private consensual agreement negotiated between the parties to a lawsuit must be limited to the extent necessary to reach a reasoned judgment that the agreement is not the product of fraud or overreaching by, or collusion between, the negotiating parties, and that the settlement, taken as a whole, is fair, reasonable and adequate to all concerned." *Officers for Justice v. Civ. Serv. Comm'n of City & County of San Francisco*, 688 F.2d 615, 625 (9th Cir. 1982).

**A. The Settlement Is Fair, Reasonable, and Adequate**

Assessing whether a class action settlement is fundamentally fair, reasonable, and adequate requires the district court to balance a number of factors, including: (i) the strength of the plaintiffs' case; (ii) the risk, expense, complexity, and likely duration of further litigation; (iii) the risk of maintaining class action status throughout the trial; (iv) the amount offered in settlement; (v) the extent of discovery completed and the stage of the proceedings; (vi) the experience and views of counsel; (vii) the presence of a governmental participant; and (viii) the reaction of class members to the proposed settlement. *See Officers for Justice*, 688 F. 2d at 625. The list of factors is not exhaustive and should be tailored to each case. *See id.*

Plaintiffs have addressed and shown that the following factors support approval of the proposed settlement.

1. <u>Arms-Length Negotiation</u>. The settlement is the result of intensive arms-length negotiation, following an all-day mediation conducted by a neutral with experience in mediating complex class actions. Dkt. #76 ¶¶ 6-8. Based on the essential terms agreed upon in mediation, the Parties negotiated specific terms of the settlement during a two-month period following the mediation. *Id*. ¶¶ 6-7.

2. <u>Strength of Plaintiffs' Case</u>. The Court's previous order granting Defendants' Motion to Dismiss with leave to amend (dkt. #49) highlights

the challenges Plaintiffs face in pleading their claims. The order dismissed all of Plaintiffs' claims and Plaintiffs did not re-plead their negligence, unfair competition, and declaratory relief/ unjust enrichment causes of action. Plaintiffs' remaining claim, under the CMIA, involves a statute that has not been extensively litigated, and has never been the subject of a reported class action decision, either in California state court or in federal court.

The litigation was poised to encompass extensive motion practice involving statutory construction, complex electronic discovery and analysis, and a significant number of fact and expert witness depositions. Dkt. #76 ¶ 9. Lobbying efforts have commenced in an effort to persuade the California Legislature to amend current law to preclude liability for the particular type of conduct that forms the basis for the litigation. Dkt. #78 ¶ 10.

3. <u>Risks of Further Litigation</u>. CMIA claims in the form of class actions are without precedent. Liability was highly contested, and Defendants contended that there were substantial legal and factual questions that would prevent Plaintiffs from successfully establishing their claims under the CMIA. Specifically, Defendants contend: (1) Target maintained the confidentiality of the data, which precludes Plaintiffs from establishing that a "disclosure" occurred; (2) Plaintiffs would need to show Defendants *knowingly* disclosed non-Target information to Target, a standard of culpability that cannot be met because the erroneous data transfer was inadvertent; (3) because Plaintiffs have not alleged any actual injury, their lawsuit seeking aggregate statutory damages would not be suitable for class treatment. Defendants state that their success in prevailing on any one of these contentions would leave the class with no class-wide relief whatsoever. Plaintiffs and counsel balanced these risks against benefits to the class of the settlement. Settlement provides a prompt and efficient resolution of the litigation and achieves additional safeguards for the privacy of class members' medical information, outweighing the uncertainty, cost, delay, and potential unfavorable outcome of continued litigation.

4. <u>Risk of Maintaining Class Action Status Through Trial</u>. The Court certified the class only for settlement purposes. Dkt. #84 at 3-7. If it is not settled, Defendants will oppose class certification. Even if certification were granted, a court may reevaluate the appropriateness of class certification at any time. Fed. R. Civ. P. 23(c)(1)(C).

5. <u>State of Discovery and Stage of Proceedings</u>. The Parties have engaged in substantial discovery. They exchanged information informally, propounded voluminous and detailed document requests, interrogatories, and requests for admissions, traveled to Minnesota for a deposition,

noticed further depositions, and more. Dkt. #78 ¶¶ 3, 5-6, 7-8, 9. Counsel had substantially investigated the factual and legal merits of the case, litigated through the first motion to dismiss stage, and briefed a second motion to dismiss, so they were capable of assessing the strengths and weaknesses of their positions before entering into the settlement.

6. <u>Settlement Terms</u>. The settlement agreement provides substantial injunctive relief for the benefit of the class, as Defendants have agreed to take concrete and specified steps to strengthen existing controls on private medical information to reduce the risk that class members' prescription data will be improperly transferred in the future. The settlement agreement also provides for the creation of a $4 million Settlement Fund that will be used to promote patient privacy or medical privacy issues. After certain payments are made out of the Fund, the sum remaining will be disbursed in full to charitable or public-interest organizations that focus their work on patient privacy or medical privacy issues. *See* dkt. #75-1; *see also* dkt. #100 ¶ 11. Though the settlement agreement does not provide any direct payment to class members, the settlement features described are of great value and appropriate, as Plaintiffs' operative complaint does not allege that Plaintiffs or any class members were harmed or suffered any damage as a result of the data transfer. Because Defendant does not maintain addresses for class members, determining their present location and mailing individual small checks would be economically disproportionate to the benefits obtained by dedicating the aggregate recovery to charitable and public interest organizations whose activities promote medical privacy that will benefit the class as a whole. The Parties set forth the distributions to be made in Stipulation Proposing Settlement Fund (Cy Pres) Recipients (dkt. #106).

7. <u>Experience and Views of Counsel</u>. The Parties are represented by counsel experienced in complex class action litigation. Class Counsel has extensive experience in class actions, as well as particular expertise in medical and privacy issues related to the pharmaceutical industry. Dkt. #77 ¶¶ 3-4; dkt. #78 ¶ 2. Counsel for Defendants similarly has extensive experience based on a long track record in complex class actions and has vigorously defended Defendants throughout the course of this litigation. Dkt. #76 ¶ 2. Class Counsel and counsel for Defendants believe that under the circumstances, the proposed settlement is appropriate and fair to the class. An experienced mediator facilitated the negotiation.

8. <u>Reaction of Class Members</u>. The deadline to object to the settlement has passed, and to date, no class members have objected or opted out. Only one communication styled as an objection has been submitted in

MINUTES FORM 90                          Initials of Deputy Clerk    jre
CIVIL - GEN

response to the Notice, and only one individual submitted a Request for Exclusion. Dkt. #102 ¶¶ 9-10. Investigation revealed that neither individual was a member of the class. *Id*.

### B. Notice was Reasonable

The notice process approved by the Court during the preliminary approval stage was followed and is reasonable. Fed. R. Civ. P. 23(e); Mot. at 5:14 - 8:27; Lyon Decl. ¶ 5.

### C. Class Certification Requirements for the Settlement Class Are Met

As the Court found in preliminarily approving the proposed settlement (dkts. #84, 85, 86), the settlement class meets the requirements for class certification. *See* Fed. R. Civ. P. 23(a) & (b).

## IV. MOTION FOR AN AWARD OF ATTORNEYS' FEES AND COSTS TO CLASS COUNSEL [DKT. #97]

Rule 23(h) states that "the court may award reasonable attorney's fees and nontaxable costs that are authorized by law or by the parties' agreement." Rule 23(h) further states that in awarding attorney fees and costs, the court "may hold a hearing and must find the facts and state its legal conclusions under Rule 52(a)." Fed. R. Civ. P. 23(h)(3). As described below, the Court would find that the [Proposed] Order Granting Motion for an Award of Attorneys' Fees and Costs to Class Counsel (dkt. #97-4) satisfies the requirements of Rule 23(h) and 52(a).

Class Counsel request the attorneys' fees and costs as follows:

California's private attorney general statute provides for award of attorneys' fees to a "successful party" in an "action which has resulted in the enforcement of an important right affecting the public interest," and relief obtained by settlement can qualify a party as successful. *Skaff v. Meridien North America Beverly Hills, LLC*, 506 F.3d 832, 843-44 (9th Cir. 2007). When Class Counsel recover a common fund conferring a "substantial benefit" upon a class of beneficiaries, they are entitled to recover their fees from the fund. *Staton v. Boeing Co.*, 327 F.3d 938, 967 (9th Cir. 2003).

In this case, in addition to the injunctive relief, the settlement creates a "common fund" of $4,546,354.85. After court-approved payments to class representatives and attorneys' fees and costs, the funds will be distributed to one or more charitable organizations that focus their work

on patient privacy or medical privacy issues. Dkt. #75 at 7. **Class Counsel request $1,136,588.72, which includes attorneys' fees and $15,224.04 in unreimbursed costs.** This represents 25% of the common fund to benefit the class. 25% is the "benchmark" that the Ninth Circuit has held district courts should award in common fund cases. *In re Pacific Enterprises Securities Litigation*, 47 F.3d 373, 379 (9th Cir. 1995).

While Class Counsel are not seeking an award of fees based upon the lodestar/multiplier approach, cross-checking the fees under this doctrine confirms the reasonableness of the fees. *See Fischel v. Equitable Life Assur. Society of U.S.*, 307 F.3d 997, 1006 (9th Cir. 2002). The lonestar cross-check requires "neither mathematical precision nor bean-counting." *In re Rite Aid Corp. Securities Litigation*, 396 F.3d 294, 306 (3d Cir. 2005). In its tentative ruling on the Parties' Joint Motion for Preliminary Approval, the Court signaled its requirement that Class Counsel submit a time/task log and a statement of appropriate fees to be considered. Dkt. #85 at 11.

Class Counsel's combined time/task log shows that they have devoted a total of 862.9 hours to the instant case. Marcarian Decl. ¶ 7, Exh. 1. Thus, the lodestar is $390,737.68 in fees. *Id.* ¶¶ 7,9. Counsel request a 2.91 multiplier. The lodestar amounts are based on counsel's detailed contemporaneous time records documenting the time they spent on this case. *Id.* ¶ 7; McCulloch Decl. ¶ 4. In addition, counsel have incurred unreimbursed costs of $15,224.04 in prosecuting this case. Marcarian Decl. ¶ 10, Exh. 1. Class Counsel spent more than 860 attorney and staff hours which were contemporaneously recorded and establish prima facie entitlement to compensation. *See Gates v. Rowland*, 39 F.3d 1439, 1449 (9th Cir. 1994). Given the complexity and novelty of the issues, Defendants' vigorous defense, and the results obtained, the hours were reasonable. Desai Decl. ¶¶ 6-8. The rates are also below market. *See* Marcarian Decl. ¶ 9; *see also* Desai Decl. ¶¶ 3-6; *see also Camacho v. Bridgeport Financial, Inc.*, 523 F.3d 973, 979 (9th Cir. 2008). The fees should also be enhanced due to the results obtained, contingent risk, novelty of issues, preclusion of other employment, awards in similar cases, and continuing services to the class. *See In re Washington Public Power Supply System Securities Litigation*, 19 F.3d 1291, 1304 (9th Cir. 1994).

**V.  PROPOSED ORDERS**

[Proposed] Order Granting Motion for Final Approval of Class Action Settlement (dkt. #98-1). The Court would sign the [Proposed] Order, as it adequately sets forth the facts and legal conclusions the Court must make to approve the settlement under Rule 23(c)(3) & (e). The [Proposed]

Order sets forth the class of persons who will be bound by the judgment, the factors that favor approval of the settlement, the adequacy of notice, that the requirements for class certification are met with respect to the settlement class, and the release of claims that is part of the settlement.

[Proposed] Supplemental Order Approving Proposed Settlement Fund (Cy Pres) Recipients (dkt. #106-3). The Court would sign the [Proposed] Order, as the Parties have sufficiently shown that their proposed recipients meet the criteria set forth in paragraph 4.2.2 of the settlement.

[Proposed] Order Granting Motion for an Award of Attorneys' Fees and Costs to Class Counsel (dkt. #97-4). The [Proposed] Order is largely adequate in setting forth the facts and legal conclusions that the Court must make to award such fees under Rule 23(h)(3) and 52(a). The [Proposed] Order states that the requested fees and costs are reasonable under the circumstances of this case. However, the [Proposed] Order does not state that the class members were adequately notified of Class Counsel's request for fees and costs. Accordingly, the Court would order Plaintiffs to submit a revised [Proposed] Order Granting Motion for an Award of Attorneys' Fees and Costs to Class Counsel no later than July 5, 2011.