ARMOND MARCARIAN (SB# 213883)
Armond@MarcarianLaw.Us
MARC L. McCULLOCH (SB# 252526)
Marc@MarcarianLaw.Us
MARCARIAN LAW FIRM
15260 Ventura Boulevard, Suite 2250
Sherman Oaks, CA 91403
Telephone: (818) 995-8787
Facsimile: (818) 995-8817

Class Counsel and Attorneys for Plaintiffs
DEMETRIA RODRIGUEZ, *et al.*

DAVID M. WALSH (SB# 120761)
davidwalsh@paulhastings.com
GRACE A. CARTER (SB# 101610)
gracecarter@paulhastings.com
PAUL, HASTINGS, JANOFSKY & WALKER LLP
515 South Flower Street, Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
NDCHEALTH CORPORATION and
MCKESSON CORPORATION

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIA RODRIGUEZ, et al.,<br><br>Plaintiffs,<br><br>vs.<br><br>NDCHEALTH CORPORATION, et al.,<br><br>Defendants. | Case No.: CV 10-3522-VBF (FMOx)<br><br>**[PROPOSED] SUPPLEMENTAL ORDER APPROVING PROPOSED SETTLEMENT FUND (CY PRES) RECIPIENTS**<br><br>Hon. Valerie Baker Fairbank |

# SUPPLEMENTAL ORDER

Having held a Fairness Hearing on the parties' Stipulation of Settlement ("Settlement," Dkt. 75-1) on June 27, 2011 and having granted the parties' Joint Motion for Final Approval of Class Action Settlement (Dkt. 98), the Court now considers the parties' Stipulation Proposing Settlement Fund (Cy Pres) Recipients ("Stipulation"), pursuant to paragraph 4.2.2 of the Settlement.

The Court, having reviewed the Stipulation and accompanying declarations and exhibits, finds that the parties' Proposed Recipients meet the criteria set forth in paragraph 4.2.2 of the Settlement and hereby APPROVES the Stipulation in its entirety and makes the findings and grants the relief set forth below.

NOW, THEREFORE, IT IS HEREBY ORDERED:

This Order incorporates by reference the definitions in the Stipulation and all terms in this Order shall be deemed to have the same meaning as defined in the Stipulation. The following distributions shall be made from the residual proceeds of the Settlement Fund as described in paragraph 7.5.1(e) of the Settlement ("Residual Fund"):

(1) $200,000, or seven percent (7%) of the Residual Fund, whichever is less, to the California Office of Privacy Protection ("COPP");

(2) Any distribution to the COPP is contingent upon the governor's final approval of a budget of $500,000 or more for the COPP in fiscal year 2011-2012 and, in the event such budget is not approved, the proposed COPP distribution shall become residue of the Residual Fund, distributed pursuant to paragraph 10 below;

    (3)    $260,000, or nine percent (9%) of the Residual Fund, whichever is less, to the <u>Center for Democracy & Technology</u> ;

    (4)    $710,000, or twenty-five percent (25%) of the Residual Fund, whichever is less, to the <u>Consumer Federation of California</u>;

    (5)    $100,000, or three and one-half percent (3.5%) of the Residual Fund, whichever is less, to the <u>Consumer Federation of California Education Fund</u>;

    (6)    $175,000, or six percent (6%) of the Residual Fund, whichever is less, to <u>Consumer Watchdog</u>;

    (7)    $145,000, or five percent (5%) of the Residual Fund, whichever is less, to <u>Pharmacist Planning Services, Inc.</u>;

    (8)    $275,000, or nine and one-half percent (9.5%) of the Residual Fund, whichever is less, to <u>Privacy Rights Clearinghouse</u>;

    (9)    $100,000, or three and one-half percent (3.5%) of the Residual Fund, whichever is less, to the <u>World Privacy Forum</u>;

    (10)   After all the foregoing distributions have been made, the residue, estimated to be not less than $892,000, or not less than thirty-one and one-half percent (31.5%) of the Residual Fund, to the <u>Rose Foundation</u>. The Parties may stipulate that all or part of the portion of the residue that consists of funds originally allocated to the COPP pursuant to paragraphs 1 and 2 above may be re-directed by the Rose Foundation to the COPP for the purposes set forth in the COPP proposal (Exhibit 1 to the Carter Decl.).

///

///

///

1   The contents of the Residual Fund shall be deemed and considered to
2   be in *custodia legis* of the Court, and shall remain subject to the jurisdiction
3   of the Court, until such time as the contents of those funds shall be
4   distributed pursuant to the Settlement and/or further order(s) of the Court.
5   There shall be no distribution of the Residual Fund until the Effective Date,
6   as defined in the Settlement.

IT IS SO ORDERED.

Date: 6-27-11

*Valerie Baker Fairbank*

UNITED STATES DISTRICT JUDGE
HON. VALERIE BAKER FAIRBANK