ARMOND MARCARIAN, ESQ. (SB# 213883)
Armond@MarcarianLaw.US
MARC L. MCCULLOCH, ESQ. (SB# 252526)
Marc@MarcarianLaw.US
Marcarian Law Firm
15260 Ventura Boulevard
Penthouse Suite 2250
Sherman Oaks, CA 91403
Telephone: (818) 995-8787
Facsimile: (818) 995-8817

Class Counsel and Attorneys for Plaintiffs
DEMETRIA RODRIGUEZ, *et al.*

DAVID M. WALSH (SB# 120761)
davidwalsh@paulhastings.com
GRACE A. CARTER (SB# 101610)
gracecarter@paulhastings.com
Paul, Hastings, Janofsky & Walker LLP
515 South Flower Street
Twenty-Fifth Floor
Los Angeles, CA 90071-2228
Telephone: (213) 683-6000
Facsimile: (213) 627-0705

Attorneys for Defendants
NDCHEALTH CORP. and MCKESSON CORP.

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| DEMETRIA RODRIGUEZ, NOVA JIMENEZ, HESHMATOLLAH NAYERI, VAHIDEH KARAMIAN, PARVIN MAJIDIAN, SAMANTHA TIKOTIN, individually and on behalf of all others similarly situated,<br><br>Plaintiffs,<br><br>vs.<br><br>NDCHEALTH CORPORATION, a Delaware corporation; MCKESSON CORPORATION, a Delaware corporation,<br><br>Defendants. | CASE NO.: CV 10-3522 VBF (FMOx)<br><br>[PROPOSED] ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS ACTION SETTLEMENT   [98]<br><br><br>Hon. Valerie Baker Fairbank |

**ORDER**

Before the Court is the parties' Joint Motion for Final Approval of Class Action Settlement (the "Motion"). The Motion asks the Court to approve a proposed settlement of the above-entitled litigation, *Rodriguez, et al. v. NDCHealth Corp., et al.*, Case No. CV 10-3522 VBF (the "Litigation"), the terms of which were set forth in the Stipulation of Settlement ("Stipulation"), Dkt. 75-1.

Having held a Fairness Hearing on the Settlement on June 27, 2011, at which the Court heard argument from the parties and any objectors who complied with the conditions set forth in the Class Notice; and having reviewed the Motion, the memorandum of points and authorities and other documents filed in support thereof, including the Stipulation, and good cause appearing therefore, the Court hereby GRANTS the Motion, approves the Settlement set forth in the Stipulation, and makes the findings and grants the relief set forth below.

NOW, THEREFORE, IT IS HEREBY ORDERED:

1. <u>Terms</u> – This Order incorporates by reference the definitions in the Stipulation and all terms in this Order shall be deemed to have the same meaning as defined in the Stipulation.

2. <u>Certification of the Settlement Class</u> – The Court preliminarily certified this Litigation as a class action for purposes of settlement pursuant to Fed. R. Civ. P. 23(a) and (b)(2). For the same reasons articulated in the Court's Order of January 12, 2011 ("Preliminary Approval Order") (Dkt. 84, ¶ 2) and the Court's Civil Minutes (Dkt. 85, § V(A)), the Court grants final certification of the Class pursuant to Fed. R. Civ. P. 23(a) and (b)(2). Consistent with the Court's Preliminary Approval Order, the Class consists of:

   > All persons residing in California who obtained prescription drugs and/or prescription drug-related services from pharmacies other than Target from February 1, 2008, through

December 31, 2008, records of which were transferred to Target by NDCHealth in or about October and November 2009.

Excluded from the Class are (a) the officers, directors, and employees of any entity which is or has been a defendant in the Litigation including Etreby Computer Company, Cerner Healthcare Solutions, Inc., Cerner Corporation, McKesson Corporation, NDCHealth Corporation, and RelayHealth Corporation, together with those individuals' immediate family members; (b) the officers, directors, and employees of any parent, subsidiary or affiliate of one or more of the Defendants or of any business entity in which any of the Defendants owns a controlling interest, together with those individuals' immediate family members; and (c) Counsel for Defendants and their immediate family members. Also excluded from the Class is any potential Class Member who requested exclusion from the Class in a timely and proper manner.

3. <u>Notice to the Class</u> – Notice has been provided to the Class in compliance with the form of Notice approved by the Court in its Preliminary Approval Order. Dkt. 84. The Court finds that the Notice was the best notice practicable under the circumstances and that it satisfied due process and the requirements of Fed. R. Civ. P. 23.

4. <u>Fairness of the Settlement</u> – The Court finds that the Settlement filed and incorporated herein by this reference and made a part of this Order of Final Approval is fair, adequate and reasonable to Class Members when balanced against the possible outcome of further litigation; that significant discovery, investigation, research, and litigation has been conducted such that counsel for the Parties at this time are able to reasonably evaluate their respective positions about the merits of the claims and defenses in the Litigation; that settlement at this time will avoid substantial costs,

delay and risks that would be presented by further litigation; that the Settlement resulted from arms-length, non-collusive negotiations and mediation between experienced counsel. Accordingly, good cause appearing, the Motion For Final Approval Of Settlement is hereby GRANTED.

5. <u>Jurisdiction</u> – The Court retains exclusive jurisdiction over the Litigation to consider all further matters arising out of or connected with the Settlement.

6. <u>Injunctive Relief</u> – Consistent with the Court's Preliminary Approval Order, the Stipulation, and Exhibit A thereto, the measures to be taken pursuant to this Order approving the Final Settlement are set forth in Dkt. 75-1, §§ 4.1.1-4.1.3 and Exh. A. The injunction provides that NDCHealth is to implement the measures specified therein within 30 days of the Settlement's Effective Date, provide written confirmation of their implementation to Class Counsel within seven (7) calendar days thereafter, and keep these measures in place for at least three years. Dkt. 75-1, §§ 4.1.1-4.1.3.

7. <u>Incentive Payments To Named Class Representatives</u> – The Court finds an incentive payment to each Class Representative reasonable and awards each Named Class Representative the amount of five thousand dollars ($5,000), which will be paid from the Settlement Fund.

8. <u>The Settlement Fund</u> – The Settlement Fund of $4 million will be funded and distributed within 30 days after the Effective Date.

   a. The contents of the Settlement Fund shall be deemed and considered to be in *custodia legis* of the Court, and shall remain subject to the jurisdiction of the Court, until such time as the contents of those funds shall be distributed pursuant to the Settlement Agreement and/or

    further order(s) of the Court. There shall be no distribution of the Settlement Fund until the Effective Date, as defined in the Stipulation.

    b.  Following the payment of certain items set forth in Section 7.5 of the Stipulation, all remaining funds in the Settlement Fund Account shall be disbursed in full to charitable or public interest organizations that focus their work on patient privacy or medical privacy issues. The Court will approve the organizations upon the supplemental submission of an agreed-upon list from the Parties or, if the Parties are unable to agree, from a list of candidate organizations submitted by the Parties.

9.  <u>Termination of Deadlines</u> – As of the date of this Order, all dates and deadlines associated with this Litigation shall be and are vacated, other than those related to the administration of the Settlement, unless and until further order of this Court.

10.  <u>Objections to the Settlement</u> – Having received declarations attesting to the delivery and publication of the Settlement Notice in accordance with the Preliminary Approval Order, the Court finds that no objections by a Class Member have been filed.

11.  <u>Request for Exclusion</u> – Having received declarations attesting to the delivery and publication of the Settlement Notice in accordance with the Preliminary Approval Order, the Court finds that no valid request for exclusion has been received from any Class Member.

12.  <u>Compliance with CAFA</u> – Consistent with the Class Action Fairness Act ("CAFA"), 28 U.S.C. § 1715, the Court finds that this Order granting final approval is appropriate because the required notices of the Settlement were sent and appropriate documentation was submitted to the Attorneys General of the United States and California; more than ninety (90) days have elapsed from the date on which the Attorneys General

|   |   |   |
|---|---|---|
| 1 |   | were served with the notice required by CAFA; and, as of the date of this |
| 2 |   | Order, neither the Attorney General of the United States or the California |
| 3 |   | Attorney General has filed any objections to or comments regarding the |
| 4 |   | Settlement. |
| 5 | 13. | <u>Use of the Settlement and Stipulation</u> – Neither the Stipulation nor the |
| 6 |   | Settlement contained therein, nor any act performed or document |
| 7 |   | executed pursuant to or in furtherance of the Stipulation or the Settlement |
| 8 |   | (i) is or may be deemed to be, or may be used as an admission of, or |
| 9 |   | evidence of, the validity or lack thereof of any Released Claim, or of any |
| 10 |   | wrongdoing or liability of any of the Released Parties, or (ii) is or may be |
| 11 |   | deemed to be, or may be used as an admission of, or evidence of, any fault |
| 12 |   | or omission of any of the Released Parties, in any civil, criminal, or |
| 13 |   | administrative proceeding in any court, administrative agency, or other |
| 14 |   | tribunal. |
| 15 | 14. | <u>Binding Effect on the Class</u> – Upon entry of this Final Approval Order, all |
| 16 |   | Class Members who have not validly requested to be excluded from the |
| 17 |   | Class in accordance with the conditions set forth in the Stipulation shall |
| 18 |   | be bound by the Settlement and by this Final Order and by all |
| 19 |   | determinations and judgments in the Litigation, whether favorable or |
| 20 |   | unfavorable; and each Class Member shall be (i) conclusively deemed to |
| 21 |   | have, and by operation of this Final Approval Order shall have, fully, |
| 22 |   | finally and forever settled, released, relinquished, waived and discharged |
| 23 |   | Defendants and all Released Parties from all claims, all as defined in the |
| 24 |   | Stipulation and Settlement Agreement, and (ii) barred from suing |
| 25 |   | Defendants in any action or proceeding alleging any of the Released |
| 26 |   | Claims, even if any Class Member may thereafter discover facts in |
| 27 |   | addition to or different from those which the Class Members or Class |
| 28 |   | Counsel now know or believe to be true with respect to the Litigation, |

whether or not such Class Members have filed an objection to the settlement embodied in the Stipulation and Settlement Agreement or to the Motion by Class Counsel for an award of Attorneys' Fees and Expenses, and whether or not the objections or claims for distribution of such Settlement Class Members have been approved or allowed.

15. <u>Dismissal and Entry of Final Judgment</u> – The class action Litigation filed in this Court on behalf of the Class against the Defendants, Case No. CV 10-3522 VBF (together with all claims asserted therein, whether asserted by Class Representatives on their own behalf or on behalf of the Class) is hereby DISMISSED in its entirety, with prejudice. No costs are awarded to any Parties apart from those awarded to Class Representatives and/or Class Counsel pursuant to the Motion for an Award of Attorneys' Fees and Costs. Final judgment will be entered separately pursuant to Federal Rule of Civil Procedure 58(a).

IT IS SO ORDERED.

Date: 6-27-11                    *Valerie Baker Fairbank*
                                 UNITED STATES DISTRICT JUDGE
                                 HON. VALERIE BAKER FAIRBANK

LEGAL_US_W # 68041979